**Charlottesville**

ANDRE RAMOND SIMPSON

v.

COMMONWEALTH OF VIRGINIA

No. 1381-90-2

Decided February 4, 1992

COUNSEL

Russell C. Williams, Assistant Public Defender (David J. Johnson, Public Defender, on brief), for appellant.

Katherine B. Toone, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BARROW, J.**—In this criminal appeal, we hold that the trial court erred in admitting evidence of an unrelated drug sale by the defendant because it was admitted for the mere purpose of impeaching the defendant regarding his testimony on a collateral matter elicited on cross-examination. In addition, we hold that the trial court did not abuse its discretion in admitting into evidence an aerial photograph of the neighborhood where the offense occurred.

· The defendant was charged with possession of cocaine with intent to distribute and possession of heroin with intent to distribute. He was tried by a jury and found guilty of simple possession of cocaine and of heroin.

The offenses were discovered during a search by the police of an apartment. The police, who had had the apartment under surveillance, obtained and executed a search warrant. Upon entering the apartment, the police discovered three men, one of whom was the defendant, attempting to leave through a back door. All three men were apprehended on a second floor landing at the rear of the

apartment building.

Cocaine and heroin were found inside a plastic container tucked in the waistband of the defendant's pants. In addition, inside the apartment, bags and plates of both cocaine and heroin were found on the kitchen table and on the floor.

At trial, the defendant testified that, upon leaving his grandmother's apartment, he was grabbed by the police and thrown to the ground. He said that the police planted the drugs on him and then arrested him. His testimony contradicted his pre-trial statement in which he said that he had purchased the narcotics that were found on him, that he was planning to "use some and sell some," and that he had been selling cocaine and heroin for about one year. Prior to giving the statement, the defendant had been treated at a hospital for injuries sustained when he was apprehended and had, according to his testimony, been given pain medication.

During cross-examination, the defendant admitted that he had a drug habit, that he and friends regularly bought and shared drugs, that he had used cocaine immediately prior to his arrest and that he had been shot a year earlier for stealing drugs. However, he denied making the pre-trial statement regarding his possession of drugs and his intention to sell them. The Commonwealth asked the defendant if he sold cocaine, and the defendant replied that he did not. At that point, over the defendant's objection, the Commonwealth was permitted to confront the defendant with a police officer and a photograph and obtain his denial of having sold drugs to the officer. The Commonwealth was further permitted, over the defendant's objection, to offer the police officer's testimony that he had purchased drugs from the defendant four months after his arrest, to introduce a lab report describing the drugs which the officer had purchased from the defendant, and to introduce a photograph depicting the sale. The trial court cautioned the jury that this evidence was to be considered only for its impeachment value.

A witness may not be cross-examined regarding any fact irrelevant to the issues on trial when that cross-examination is for the mere purpose of impeaching his credit by contradicting him. *Seilheimer v. Melville*, 224 Va. 323, 326, 295 S.E.2d 896, 898 (1982) (quoting *Allen v. Commonwealth*, 122 Va. 834, 842, 94

S.E. 783, 785-86 (1918)); *Maynard v. Commonwealth*, 11 Va. App. 437, 444, 399 S.E.2d 635, 640 (1990). If such a question is inadvertently asked and answered, the witness's answer is conclusive. *Seilheimer*, 224 Va. at 327, 295 S.E.2d at 898. Furthermore, the witness may not be asked about any collateral independent fact "merely with a view to contradict him afterwards by calling another witness." *Id.*

■ A subject is collateral to the issues on trial unless the party cross-examining the witness is entitled to prove the subject in support of his or her own case. *Seilheimer*, 224 Va. at 327, 295 S.E.2d at 898. If a fact cannot be established for any purpose other than for contradiction, it is wholly collateral to the issues on trial. *Id.*

Evidence of an unrelated sale of an illegal drug is generally not admissible in a criminal trial. *Boyd v. Commonwealth*, 213 Va. 52, 53, 189 S.E.2d 359, 359-60 (1972). The Attorney General argues, however, that the evidence in this case was admissible under the principle expressed in *Santmier v. Commonwealth*, 217 Va. 318, 228 S.E.2d 681 (1976). We do not agree. In *Santmier*, the prosecution was permitted to cross-examine the defendant concerning a prior conviction of selling marijuana because the defendant on direct examination had denied using drugs. *Santmier*, 217 Va. at 319-20, 228 S.E.2d at 682. In this case, the defendant did not deny the use of drugs during his direct examination. Instead, the Commonwealth elicited during cross-examination his denial of having sold drugs. This difference is significant because on cross-examination the Commonwealth is subject to the rule prohibiting impeachment on collateral matters elicited during cross-examination. *Seilheimer*, 224 Va. at 326, 295 S.E.2d at 898.

The Attorney General contends that, because the defendant did not object to the prosecution asking on cross-examination if he ever sold drugs and then testified falsely, the *Santmier* rule applies. She relies on *Ballard v. Commonwealth*, 156 Va. 980, 1000-01, 159 S.E. 222, 229 (1931), in support of her position. However, *Ballard* addressed impeachment on a collateral matter testified to by the defendant on direct examination, and is, therefore, not applicable. *Id.* at 1000, 159 S.E. at 229.

■ Furthermore, a defendant is not required to object to collateral evidence. A party may choose not to object to inadmissible

evidence for tactical reasons. C. Friend, *The Law of Evidence in Virginia* §§ 70 and 73 (3d ed. 1988). A defendant, therefore, may choose not to object to the admission of collateral evidence because of fear of antagonizing the jury, particularly if the answer is expected to be favorable and not subject to impeachment. While failing to object exposes a defendant to the peril of Rule 5A:18 regarding the admitted collateral evidence, it does not bar his appeal of later attempts to impeach him to which he properly objected.

Moreover, to require the defendant to object would obviate the rule against impeachment on the basis of collateral evidence. By definition, collateral evidence is inadmissible over an objection. An objection to it should always be sustained. Therefore, if the rule against impeachment on the basis of collateral evidence required objection to the collateral evidence, no need for the rule would exist.

We conclude, therefore, that since the evidence of the unrelated sale of contraband drugs was not admissible in the support of the Commonwealth's case, the Commonwealth, having elicited this collateral evidence from the defendant during cross-examination, was required to accept the defendant's response and could not impeach his testimony by contradicting it.

Admission of this evidence was not harmless. The trial court instructed the jury that they were to consider the evidence only "for the limited purpose of impeaching the credibility of the defendant." The credibility of the defendant was a critical issue, however, in determining his guilt not only with regard to his intent to distribute the drugs, but also his possession of the drugs. He testified that the police planted the drugs on him. While the police testimony and the defendant's pre-trial statement contradicted this, resolution of this conflict was for the jury. We cannot say that it plainly appears from this record and the evidence that the error did not affect the verdict. *See Lavinder v. Commonwealth*, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (*en banc*).

Finally, the admission of photographs into evidence is within the sound discretion of the trial court. *Martin v. Commonwealth*, 221 Va. 436, 447, 271 S.E.2d 123, 130 (1980). Only upon a showing of a clear abuse of discretion may we reverse a trial court's action in admitting photographs. *Id.* In this case, the aerial

photograph showing the apartment building where the defendant was arrested was probative to show where the crime occurred. The photograph, an aerial view of buildings and streets in the neighborhood, does no more than that. We cannot confirm that a school building is among the buildings depicted in the photograph. Even if it is, it was not brought to the attention of the jury. Therefore, we are unable to conclude that the trial court abused its discretion in admitting this photograph into evidence.

For these reasons, the judgment of conviction is reversed and the matter remanded for a new trial on the charges of possession of cocaine and possession of heroin, if the Commonwealth so elects.

*Reversed and remanded.*

Coleman, J., and Moon, J., concurred.