BERNARD SINGLETON

v.

COMMONWEALTH OF VIRGINIA

No. 2119-91-2

Decided March 22, 1994

COUNSEL

Paul C. Bland, for appellant.

Robert B. Condon, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

**BENTON, J.**—Bernard Singleton appeals from an order approving a jury verdict convicting him of robbery, abduction, and use of a firearm in the commission of a felony. He contends that (1) the trial judge erred by allowing the Commonwealth on rebuttal to prove an unrelated criminal offense in an attempt to impeach his credibility, (2) he was denied his constitutional right of confrontation, and (3) the evidence was not sufficient to prove the offenses beyond a reasonable doubt. For the reasons that follow, we reverse the convictions and remand for a new trial.

## I.

The evidence proved that two individuals robbed a Pizza Hut restaurant in the City of Petersburg at midnight on April 18, 1991. The robbers forcibly entered the store, bound three employees, John Hawks, Paul Cathcart, and Wayne Griffin, and took money from a safe. The police showed Hawks and Cathcart a photographic array a few days after the robbery, but neither employee could identify Singleton. Griffin also was shown a photographic array but only identified Singleton after he was shown a side view photograph of Singleton. Singleton was later arrested for the robbery.

At trial, Griffin testified that he only had a "glimpse" of the robbers. However, he said that he was able to identify Singleton as one of the robbers when the police showed him a side view photograph of Singleton. None of the other photographs in the photograph array that the police showed him had a side view of the subjects. Griffin further testified that after he heard Singleton speak in court, he recognized Singleton's voice. In addition, Griffin identified a pair of hiking boots, seized from Singleton's apartment, as boots one of the robbers was wearing during the robbery. A police officer testified that when the boots were seized, Singleton told the police that he wore the boots all the time.

Hawks could not identify any person from the photographic array that included Singleton's photograph. However, he testified at trial that he was "almost certain" that Singleton was one of the robbers.

Singleton vigorously denied that he was the robber. He testified in his defense that he was in North Carolina on April 18. Other witnesses placed Singleton in North Carolina at the time of the robbery. However, the jury found Singleton guilty of robbery, three counts of abduction, and four counts of use of a firearm in the commission of a felony.

## II.

To understand Singleton's objection concerning the rebuttal testimony, several incidents of his trial testimony must be analyzed. On direct examination during his defense, Singleton testified as follows:

Q: . . . . The first question is, "Did you rob the Pizza Hut on April the 18th."

A: No sir. I don't even have any idea where . . . that's at.

On cross-examination, the Commonwealth's Attorney established that Singleton knew where Crater Road was located. She asked:

Q: [The business in which you were planning to invest was] near Crater Road.

A: No.

Q: So you know where Crater Road is?

A: Yeah.

Although no evidence had been introduced at trial concerning a Food Lion grocery store, on further cross-examination of Singleton the prosecutor asked:

Q: Have you ever been on Crater Road at the Food Lion?

A: No, ma'am.

In rebuttal, the Commonwealth's Attorney offered two witnesses to testify that on April 3 after midnight Singleton was at the Food Lion grocery store. Singleton had been charged with the April 3 robbery of the Food Lion store but had not then been tried for that robbery. When Singleton's counsel objected to the testimony, the Commonwealth's Attorney stated:

Singleton indicated he was not familiar with the roads or with Crater Road in particular. Mr. Neal is being offered to rebut his answer to whether or not he was at Food Lion. That's the only purpose for his testimony.

The trial judge overruled Singleton's objection and permitted two witnesses to testify on rebuttal that Singleton was at the Food Lion grocery store on Crater Road after midnight on April 3. That ruling was erroneous.

Evidence that Singleton was present in the Food Lion grocery store on April 3, two weeks prior to the robbery offense that was the subject of Singleton's trial, was not relevant to the offense then being tried. Moreover, the evidence was inadmissible because it was evidence of another crime that was offered to impeach Singleton on a collateral matter. *See Seilheimer v. Melville*, 224 Va. 323, 326, 295 S.E.2d 896, 898 (1982).

A witness may not be cross-examined regarding any fact irrelevant to the issues on trial when that cross-examination is for the mere purpose of impeaching his credit by contradicting him. If such a question is inadvertently asked and answered, the witness's answer is conclusive. Furthermore, the witness may not be asked about any collateral independent fact "merely with a view to contradict him afterwards by calling another witness."

A subject is collateral to the issues on trial unless the party cross-examining the witness is entitled to prove the subject in support of his or her own case. If a fact cannot be established for any purpose other than for contradiction, it is wholly collateral to the issues on trial.

Evidence of an unrelated [crime] is generally not admissible in a criminal trial.

*Simpson v. Commonwealth*, 13 Va. App. 604, 606-07, 414 S.E.2d 407, 409 (1992) (citations omitted).

On direct examination, Singleton denied knowing the location of the Pizza Hut restaurant. The Commonwealth's Attorney specifically asked Singleton on cross-examination if he knew where Crater Road was located. Singleton admitted that he knew where Crater Road was located. No dispute arose over whether Singleton had ever been on Crater Road. The Commonwealth's Attorney did not ask Singleton whether he had been on Crater Road.

Singleton's presence in the Food Lion grocery store two weeks before the robbery of the Pizza Hut restaurant was not established to be relevant to any issue at trial. The evidence proved only that the Pizza Hut was on Crater Road and the grocery store was on Crater Road. However, the evidence proved neither the proximity of the Food Lion grocery store to the Pizza Hut nor the materiality of the fact that both businesses were located on the same road. Even if Singleton had been in the Food Lion grocery store after midnight on April 3, the Commonwealth did not establish that such proof tended to prove that Singleton knew the location of the Pizza Hut.

The Commonwealth first injected the issue of the Food Lion grocery store in cross-examination of Singleton "merely with a view to contradict[ing] him afterwards by calling another witness." *Allen v. Commonwealth*, 122 Va. 834, 842, 94 S.E. 783, 785-86 (1918). Indeed, when Singleton's counsel objected to the evidence of the other crime, the Commonwealth's Attorney clearly stated that she was not attempting to prove an element of the offense but, rather, was trying to impeach Singleton. Despite that admission, the judge allowed the Commonwealth's Attorney on rebuttal to offer evidence for the purpose of impeaching Singleton on a collateral matter. That ruling was erroneous. *See id.*

Singleton restated his objection and reiterated that the evidence was prejudicial. In addition, to suggest that the Commonwealth's proof that Singleton was in the Food Lion grocery store after midnight was not evidence of another crime is simply disingenuous. The Commonwealth's Attorney specifically asked about the *time* Singleton was seen and elicited the response "two minutes after 12:00 a.m." Although the two witnesses who testified that Singleton was in the Food Lion after 12:00 a.m. said nothing about the

robbery of the grocery store, their testimony hinted at nefarious conduct. The inquiry to the store manager concerning time was suggestive of criminal conduct. Moreover, the other witness was in the store as an employee of the company that cleaned the floors in the Food Lion. Their testimony tended to prove Singleton's presence in that store at a late hour beyond closing and at approximately the same time the robbery occurred at the Pizza Hut two weeks later. The inference of an unrelated crime was strong and not admissible. *Simpson*, 13 Va. App. at 607, 414 S.E.2d at 409.

Furthermore, Singleton's counsel made it abundantly clear to the judge and the Commonwealth's Attorney that he could not test the identification testimony of the Food Lion employees without bringing out the facts of that unrelated, contested robbery. The admission of the evidence was manifestly prejudicial because it forced Singleton's counsel to choose between abandoning Singleton's right to confront witnesses against him by cross-examination or testing the identification testimony by cross-examination and, thus, proving by his own efforts the prejudicial criminal conduct that was collateral to the issues on trial. The admission of this testimony was reversible error. *Id.* at 608, 414 S.E.2d at 410.

### III.

The confrontation issue that Singleton raises will not arise in the same context on retrial; therefore, we need not decide that issue. *See Boney v. Commonwealth*, 16 Va. App. 638, 646, 432 S.E.2d 7, 12 (1993). Moreover, because the determination whether Singleton was the perpetrator of the offenses turns in large measure upon the trier of fact's resolution of credibility issues, we cannot say as a matter of law that the evidence is insufficient so as to bar a retrial. Accordingly, for the reasons stated, the convictions are reversed, and the case is remanded for a retrial if the Commonwealth be so advised.

*Reversed and remanded.*

Barrow, J., concurred.

Coleman, J., dissenting.

The majority reverses Singleton's robbery, abduction and firearms convictions on the ground that "[e]vidence that Singleton was present in the Food Lion grocery . . . two weeks prior to the

robbery . . . was not relevant" and because "evidence of another crime . . . was offered to impeach Singleton on a collateral matter." I respectfully disagree with both holdings. Evidence that Singleton had been in the Food Lion grocery on Crater Road, while collateral, was relevant. Contrary to the majority's holding, it was not irrelevant evidence that was used simply to impeach Singleton's credibility on a collateral matter. Furthermore, the fact that Singleton was in the Food Lion grocery after midnight did not prove, directly or inferentially, that Singleton was committing or had committed another crime at the Food Lion grocery. Accordingly, even if the trial judge erred by admitting irrelevant evidence or by allowing impeachment on a collateral issue, as the majority holds, the error is not reversible error because admission of the fact that Singleton had been in Food Lion on Crater Road was not prejudicial.

## RELEVANCE

I agree with the majority that evidence that Singleton had been in the Food Lion grocery on another occasion is proof of a collateral fact. However, "[a]dmission of evidence collateral to the issues is subject to the discretion of a trial court," *Norfolk & Western Ry. Co. v. Sonney*, 236 Va. 482, 489, 374 S.E.2d 71, 75 (1988), and "[a] trial court exercises a broad discretion in deciding whether collateral evidence is sufficiently relevant to admit in evidence." *Mackall v. Commonwealth*, 236 Va. 240, 255, 372 S.E.2d 759, 769 (1988), *cert. denied*, 492 U.S. 925 (1989). "Evidence upon a collateral issue may be relevant if the fact which it tends to establish will tend to prove or disprove the fact in issue." *Goodloe v. Smith*, 158 Va. 571, 584, 164 S.E. 379, 383 (1932). Although proof during the Commonwealth's case-in-chief that Singleton had been in the Food Lion grocery on Crater Road on another occasion or was familiar with Crater Road would have had little or no tendency, standing alone, to prove that he had robbed the Crater Road Pizza Hut, the fact that he had been on Crater Road or at another Crater Road business on another occasion takes on greater relevance after Singleton, in an effort to discredit the victims' identification of him, disavowed any familiarity with the location. Evidence that Singleton was in the Food Lion grocery on Crater Road approximately two weeks before he robbed the Crater Road Pizza Hut was relevant.

Singleton testified that he did not know the location of the Pizza Hut that he allegedly robbed or the location of Crater Road.[1] By doing so, he placed those facts in issue, and they became material. See *Lewis v. Commonwealth*, 7 Va. App. 596, 602, 376 S.E.2d 295, 298-99 (1989) (citations omitted). Singleton was asserting that, because he did not know the location of Crater Road or the Pizza Hut, he could not have been the person who robbed the employees of the Crater Road Pizza Hut. He was attempting to persuade the jury that because of his unfamiliarity with Crater Road and the Pizza Hut, the victims were mistaken in identifying him as one of the persons who had robbed, abducted, and threatened them with a firearm. Of course, whether Singleton was one of the criminals who robbed, abducted and threatened the Pizza Hut employees with a firearm was a material fact and an essential element of the charged crimes that the Commonwealth was required to prove beyond a reasonable doubt.

As to the probative value of the evidence, although the record does not show the proximity of the Food Lion to the Pizza Hut, whether Singleton had been in other businesses on Crater Road has some tendency, however slight, to prove that he was familiar with Crater Road and was being untruthful in his disavowal. Furthermore, jurors who are from the area may well be familiar with the two businesses on Crater Road. "Evidence is relevant if it has any logical tendency, however slight, to establish a fact at issue in the case," and a trial judge does not abuse his or her discretion by admitting evidence that enhances a victim's account where that account has been contradicted or impeached provided the proba-

---

[1] In my opinion, the majority does not construe the facts in the light most favorable to the Commonwealth, as the prevailing party, when they find that "the Commonwealth's attorney established that Singleton *knew* where Crater was located." (emphasis added). In response to the Commonwealth's attorney's question, "So you know where Crater Road is?," Singleton responded, "Yeah." He was saying that, as of the trial date, he knew where Crater Road was. However, the clear import of Singleton's entire testimony was that at the time of the robbery, he did not know the location of Crater Road or the Pizza Hut. In fact, on brief, Singleton's counsel acknowledged that "[Singleton] stated that he did not know the location, Crater Road." (Brief at 6.) When the trial judge ruled admissible the evidence that Singleton had been in Food Lion on Crater Road, he based his ruling on a finding that Singleton "stated emphatically that he did not know anything about the streets of Petersburg and had not been on Crater Road and never been to Food Lion." The majority draws factual inferences from the evidence that are most favorable to the convicted appellant, contrary to established principles. See *Higginbotham v. Commonwealth*, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

tive value outweighs the prejudicial effect. *Largin v. Commonwealth*, 215 Va. 318, 320, 208 S.E.2d 775, 777 (1974). Whether Singleton knew the location of the Pizza Hut on Crater Road became a fact material to his defense and a fact relevant because it had some tendency to prove that he had been correctly identified by the victims. *See Sonney*, 236 Va. at 489, 374 S.E.2d at 75 (holding that trial judge abused his discretion by excluding evidence collateral to a material issue where opposing counsel had introduced and "placed emphasis" upon the evidence). Thus, in my opinion, the majority incorrectly holds that the rebuttal evidence that Singleton was in Food Lion was irrelevant or inadmissible because it was collateral in nature.

Of course, all relevant evidence is not admissible. Unless the probative value of relevant evidence outweighs the prejudicial effects that the evidence may have, the evidence is inadmissible. *Woodson v. Commonwealth*, 16 Va. App. 539, 540, 431 S.E.2d 82, 83 (1993). For reasons that I will explain further, as "disingenuous" as the view may be, I disagree with the majority that evidence showing that Singleton was in the Food Lion grocery after midnight was proof that he was committing or had committed an unrelated crime. Thus, in my opinion, because the evidence that Singleton had been in Food Lion was relevant and because that evidence was not prejudicial, the trial judge did not abuse his discretion by admitting it.

## IMPEACHMENT ON COLLATERAL MATTER

While expressing my disagreement with the majority's holding that the Food Lion evidence was irrelevant, I previously referred to the principle that prohibits a party from impeaching a witness on a collateral issue. The majority further relies upon this principle that

[a] witness may not be cross-examined regarding any fact irrelevant to the issues on trial when that cross-examination is for the mere purpose of impeaching his credit by contradicting him . . . [nor] may [he] be asked about any collateral independent fact "merely with a view to contradict him afterwards by calling another witness."

*Simpson v. Commonwealth*, 13 Va. App. 604, 606, 414 S.E.2d 407, 409 (1992) (quoting *Seilheimer v. Melville*, 224 Va. 323,

327, 295 S.E.2d 896, 898 (1982)).

That principle does not apply in this case. First, as discussed, the evidence was relevant to disprove a material fact interjected into the case by Singleton. Singleton's disavowal of the location of Crater Road, if believed, would have discredited the victims' identification of him as one of the criminals. But moreover, the collateral evidence of whether Singleton had been in Food Lion on Crater Road was not offered *solely* to impeach "his credit by contradicting him" by thereafter calling another witness to prove that he had been in the Food Lion grocery. *See id.* at 606, 414 S.E.2d at 409. The rebuttal evidence did more than merely impeach Singleton's credibility by showing that he had testified untruthfully on an immaterial fact.

## OTHER CRIMES EVIDENCE

Even if the majority is correct that the evidence is irrelevant that Singleton knew the location of the Food Lion on Crater Road and that such evidence was an impermissible form of impeachment, the error in admitting it was not prejudicial because "proof that Singleton was in the Food Lion grocery store after midnight was . . . [not] evidence of another crime." As "disingenuous" as this view may be, I simply do not understand how the majority infers from proof that Singleton was in the Food Lion grocery on Crater Road after midnight was proof that he was there committing a crime.

The majority states that because Singleton was in the grocery "beyond closing time," a "strong" inference of "nefarious conduct" and of unrelated criminal activity arises. First, the evidence did not tend to establish that Singleton was in Food Lion "beyond closing . . . time." The record is silent as to when the store closed. But, even if the evidence showed that he was there after "closing time," that circumstance does not reasonably support an inference that he was there committing a crime. Furthermore, the trial judge ruled inadmissible any evidence that Singleton had robbed the employees of Food Lion or that charges were pending against him for that offense. Except for defense counsel having made reference to the fact that robbery charges were pending against Singleton for the Food Lion offense in his motion to exclude evidence, there is no way, on this record, that the majority would know that a crime had occurred at the Food Lion grocery. The

majority's finding that the evidence proved Singleton committed another crime amounts to pure and unwarranted speculation and surmise.

## HARMLESS ERROR

Thus, because the evidence that Singleton was in Food Lion does not, in my view, prove an unrelated crime, the admission of the evidence was not prejudicial, and any error in admitting it as irrelevant or as impermissible impeachment was harmless.

Incidents in jury trials come hot and hurrying. From unanticipated sources new problems spring and must be solved without delay. Judges cannot take time off to ponder. These primary purposes are ever before them: All litigants are entitled to one fair trial and to no more; justice must be done and settled rules of law and procedure must be obeyed. If errors beyond those warranted new trials litigation would be unending, for, as we have more than once said, there is no such thing as a perfect trial. Cases sometimes won after long delays might as well never have been won at all.

*Remine v. Whited*, 180 Va. 1, 12-13, 21 S.E.2d 743, 747 (1942); *see* Code § 8.01-678. Although questions of relevance and impeachment on collateral issues involve the application of settled rules of law, where "it plainly appears that [the error, if any,] could not have affected the result," the error is harmless. *Lavinder v. Commonwealth*, 12 Va. App. 1003, 1008, 407 S.E.2d 910, 912 (1991) (en banc). "The crux of the harmless error analysis is whether the defendant received a fair trial on the merits and substantial justice has been achieved." *Timmons v. Commonwealth*, 15 Va. App. 196, 199, 421 S.E.2d 894, 896 (1992). In my opinion, the trial judge did not admit irrelevant evidence nor did he allow impermissible impeachment on a collateral matter, but if the trial judge erred for either reason in admitting the evidence, the error was harmless.

As to the majority's concern that Singleton was limited in the scope of his cross-examination of the rebuttal witnesses about Singleton being in the Food Lion grocery because he risked disclosure of the fact that Singleton had robbed the employees there, I would simply note that such limitations are always present when relevant evidence is admitted for its limited probative value, but any preju-

dicial aspect is excluded.

## CONFRONTATION AND SUFFICIENCY ISSUES

Because I would affirm Singleton's convictions, I briefly address the remaining issues that the majority was not required to decide.

Singleton contends, for the first time on appeal, that he was denied his Sixth Amendment right to be confronted by his accuser. He bases his claim on the fact that Paul Cathcart, one victim, was not called to testify that Singleton had abducted, robbed and threatened him with a firearm.

We will not consider a question raised for the first time on appeal, Rule 5A:18, even a constitutional question. *See Cottrell v. Commonwealth*, 12 Va. App. 570, 574, 405 S.E.2d 438, 441 (1991). Furthermore, it is not necessary to apply one of the exceptions to Rule 5A:18 in order to correct a miscarriage of justice. Singleton did not demonstrate good cause for having failed to raise this objection at trial. *Mounce v. Commonwealth*, 4 Va. App. 433, 436, 357 S.E.2d 743, 744 (1987).

As to the sufficiency of the evidence to support the abduction, robbery, and firearms convictions, the testimony of the victims, if credited by the jury, is sufficient to support all the convictions. "It is fundamental that 'the credibility of witnesses and the weight accorded their testimony are matters solely for the fact finder who has the opportunity of seeing and hearing the witnesses.' " *Collins v. Commonwealth*, 13 Va. App. 177, 179, 409 S.E.2d 175, 176 (1991) (quoting *Schneider v. Commonwealth*, 230 Va. 379, 382, 337 S.E.2d 735, 736-37 (1985)). The testimony from the victims was not inherently incredible, regardless of conflicts or the inability of a particular victim to make a positive identification of Singleton as a person who committed the crime. Therefore, because the evidence was sufficient, we cannot disturb the verdicts on appeal. Code § 8.01-678; *Robertson v. Commonwealth*, 12 Va. App. 854, 858, 406 S.E.2d 417, 419 (1991).