COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Fitzpatrick and Annunziata
Argued at Richmond, Virginia


DWAYNE DEVIN ROARK, S/K/A
 DEWAYNE DEVIN ROARK

                                   MEMORANDUM OPINION* BY
v.    Record No. 2544-96-2           JUDGE LARRY G. ELDER
                                      SEPTEMBER 23, 1997
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF NOTTOWAY COUNTY
                     Thomas V. Warren, Judge

          Cary B. Bowen (Amy M. Curtis; Bowen, Bryant,
          Champlin & Carr, on brief), for appellant.

          Kathleen B. Martin, Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.


     Dwayne Devin Roark ("appellant") appeals his convictions of

threatening to burn a residence in violation of Code § 18.2-83

and abduction in violation of Code § 18.2-47.  He contends that

the trial court erred when it denied his motion for a new trial.

 He argues that a pretrial statement made by the Commonwealth's

primary witness that was discovered by the Commonwealth's

attorney after appellant's trial was Brady information, the

nondisclosure of which entitles him to a new trial.  For the

reasons that follow, we affirm.

---

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

FACTS

Appellant was charged with committing four crimes stemming from two separate domestic disputes with his girlfriend ("victim"). Appellant was indicted for attempting to kill the victim and using a firearm while attempting to commit murder on December 23, 1995 ("December 23 charges"). Appellant was also accused of abducting the victim and threatening to burn the residence of the victim's grandmother on January 5, 1996 ("January 5 charges"). All four charges were tried together by the trial court on April 3, 1996.

The Commonwealth's primary witness at trial was the victim. Regarding the attempted murder that allegedly occurred on December 23, she testified that appellant "threw" her on the floor of her kitchen, pulled out a gun, and "stepped back and shot at [her]." The bullet fired by appellant missed the victim and hit the floor. Appellant took the stand and testified that he did not fire a gun at the victim on December 23. Relying heavily on its determination that the victim's testimony was more credible than appellant's, the trial court convicted appellant of both the December 23 charges and the January 5 charges.

After appellant's trial, the Commonwealth's attorney became aware for the first time of a statement made by the victim to a deputy when she first reported appellant's conduct ("pretrial statement"). In the statement, which was made on January 5, the

victim said that during the altercation on December 23, appellant "pointed a gun at her [and] then pulled it away and shot it in the floor."

After the Commonwealth's attorney informed appellant's counsel of the victim's pretrial statement, appellant moved the trial court to dismiss the December 23 charges. The trial court set aside appellant's convictions of these two charges and ordered a new trial. The December 23 charges were later "nolle prossed" by the Commonwealth.

Appellant subsequently filed motions for a new trial on the January 5 charges on the grounds that the victim's pretrial statement was both "after-discovered evidence" and "Brady material." The trial court denied these motions.

II.

THE VICTIM'S PRETRIAL STATEMENT AS BRADY INFORMATION[1]

Under the Due Process Clause of the Fourteenth Amendment, attorneys for the Commonwealth have a duty to disclose evidence to the accused that is both "favorable" to him or her and "material" to either guilt or punishment. See Brady v. Maryland,

---

[1]We disagree with the Commonwealth's contention that appellant failed to preserve for appeal his argument that the victim's pretrial statement was Brady information. Appellant's Brady argument is absent from his written motion for a new trial. However, during oral argument on his motion, appellant's counsel stated that he considered the pretrial statement to be "Brady material." Because the trial court was sufficiently placed on notice of this ground for appellant's motion for a new trial, we hold that Rule 5A:18 does not bar our consideration of it on appeal.

373 U.S. 83, 87, 83 S. Ct. 1194, 1196-97, 10 L.Ed.2d 215 (1963); United States v. Agurs, 427 U.S. 97, 110, 96 S. Ct. 2392, 2401, 49 L.Ed.2d 342 (1976).  Evidence is "favorable to the accused" within the Brady rule if it is either exculpatory evidence or can be used to impeach the credibility of the Commonwealth's witnesses.  See United States v. Bagley, 473 U.S. 667, 676, 105 S. Ct. 3375, 3380, 87 L.Ed.2d 481 (1985); see also Correll v. Commonwealth, 232 Va. 454, 465, 352 S.E.2d 352, 358, cert. denied, 482 U.S. 931, 107 S. Ct. 3219, 96 L.Ed.2d 705 (1987).

Evidence is "material" to guilt or punishment if:
> there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.  A "reasonable probability" is a probability sufficient to undermine confidence in the outcome.

Bagley, 473 U.S. at 682, 105 S. Ct. at 3383 (emphasis added); see Robinson v. Commonwealth, 231 Va. 142, 151, 341 S.E.2d 159, 164 (1986).  See also Kyles v. Whitley, 514 U.S. 419, 434-35, 115 S. Ct. 1555, 1566, 131 L.Ed.2d 490 (1995).

Our role in assessing the favorableness and materiality of purported Brady information is difficult.  See Bowman v. Commonwealth, 248 Va. 130, 134, 445 S.E.2d 110, 112 (1994).
> We must look at the totality of the circumstances with an awareness of the "difficulty of reconstructing in a post-trial proceeding the course that the defense and the trial would have taken had the defense not been misled by the prosecutor's incomplete response" to [his duty to provide] Brady information.

4

Id. (citation omitted).  This case is made more difficult because two of the four charges on which appellant was initially tried have been dismissed.  Thus, we must analyze the favorableness and materiality of the victim's pretrial statement regarding appellant's actions on December 23 in relation to a trial on the only two charges still pending against appellant:  that he abducted the victim and threatened to burn her grandmother's residence on January 5.

We hold that the trial court did not err when it denied appellant's motion for a new trial on the January 5 charges because the victim's pretrial statement would not be "favorable" to appellant at such a trial.  Appellant does not contend that the victim's pretrial statement would be "exculpatory" in a trial limited to the January 5 charges, i.e., it has no tendency to rebut the victim's testimony about his conduct on January 5.  In addition, the victim's pretrial statement would not be admissible to impeach her credibility at such a trial.

The law of evidence places constraints on the manner in which witnesses may be impeached for being untruthful.  "It is permissible to impeach a witness by evidence that the witness is a person of bad character, and therefore presumably not worthy of belief."  Charles E. Friend, The Law of Evidence in Virginia § 4-2(a) (4th ed. 1993).  However, a witness' bad character for veracity may be established only by proof that the witness (1) has a bad reputation for truthfulness in the community, see

5

Clinebell v. Commonwealth, 3 Va. App. 362, 370, 349 S.E.2d 676, 680-81 (1986) (citing Bradley v. Commonwealth, 196 Va. 1126, 1133, 86 S.E.2d 828, 833 (1955)), or (2) has been convicted of a felony, perjury, or a misdemeanor involving moral turpitude, see Ramdass v. Commonwealth, 246 Va. 413, 423, 437 S.E.2d 566, 572 (1993), vacated on other grounds, 512 U.S. 1217, 114 S. Ct. 2701, 129 L.Ed.2d 830 (1994).  A witness may not be impeached by showing "specific acts of untruthfulness or other bad conduct, though these have bearing on veracity."  Bradley, 196 Va. at 1133, 86 S.E.2d at 833.

In addition, the credibility of a witness may be impeached by showing that he has made prior statements "inconsistent with . . . the evidence he has given on the trial."  Neblett v. Hunter, 207 Va. 335, 340, 150 S.E.2d 115, 119 (1966).  Generally, only the testimony of a witness given during direct examination may be impeached in this manner.  See Waller v. Commonwealth, 22 Va. App. 53, 57, 467 S.E.2d 844, 847 (1996) (citations omitted).  "[I]f the subject matter is raised for the first time on cross-examination and is collateral to the issues on trial, it cannot be the basis for impeachment by proof of a prior inconsistent statement."  Id.  "A witness may not be cross-examined regarding any fact irrelevant to the issues on trial when that cross-examination is for the mere purpose of impeaching his credit by contradicting him."  Simpson v. Commonwealth, 13 Va. App. 604, 606, 414 S.E.2d 407, 409 (1992)

6

(citations omitted).

At a trial on the January 5 charges, the victim's pretrial statement could not be used by appellant to impeach her credibility. First, the pretrial statement would be inadmissible to prove the victim's bad character for veracity because if untrue it is merely a specific act of untruthfulness. See Bradley, 196 Va. at 1133, 86 S.E.2d at 833. In addition, the pretrial statement would be useless as a prior inconsistent statement because assuming it only contradicts the victim's account of the events on December 23, it would be outside the scope of her direct examination at a trial limited to the January 5 charges. Moreover, because the issue of appellant's conduct on December 23 is collateral to the material issues at a trial on the January 5 charges, appellant would be precluded from raising and impeaching the victim's account of the events of December 23 for the first time during his cross-examination. See Waller, 22 Va. App. at 57, 467 S.E.2d at 847.[2]

For the foregoing reasons, we affirm the convictions of threatening to burn a residence and abduction.

Affirmed.

---

[2]Because we hold that the victim's pretrial statement would not be favorable to appellant at a trial on the January 5 charges, we need not consider whether this statement could be "material" to either his guilt or punishment at such a trial.