COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Huff, Judge Humphreys and Senior Judge Bumgardner
Argued at Salem, Virginia

UNPUBLISHED

KENNETH ALLEN BORTZER

MEMORANDUM OPINION* BY
v.        Record No. 1462-14-3        JUDGE ROBERT J. HUMPHREYS
NOVEMBER 24, 2015

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF AMHERST COUNTY
J. Michael Gamble, Judge

B. Leigh Drewry, Jr. (Cunningham & Drewry, on briefs), for
appellant.

Victoria Johnson, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Kenneth Allen Bortzer ("Bortzer") appeals the May 21, 2014 decision of the Circuit

Court of Amherst County (the "circuit court") granting the Commonwealth's motion *in limine*

prohibiting evidence of any "facts that lead the police officer to have either probable cause or

reasonable articulable suspicion to stop the vehicle operated by [Bortzer], with the exception that

the police officer may testify that the reason for the stop was because he observed a headlight not

functioning on the vehicle."  Bortzer's single assignment of error is that the circuit court erred by

granting the Commonwealth's motion *in limine* and precluding Bortzer from "introducing

evidence from the suppression hearing tending to impeach the Commonwealth's primary

witness."  Ultimately, Bortzer argues that the circuit court's ruling invaded the province of the

jury to determine the arresting officer's credibility and that he was denied his constitutional right

to confront the witnesses against him.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On December 8, 2012, Bortzer was pulled over by Officer C.J. Choi ("Officer Choi") of the Town of Amherst Police Department. Officer Choi was operating radar along Route 29 when he pulled Bortzer over for an inoperable headlight.[1] Once Bortzer stopped, Officer Choi smelled alcohol coming from the cab of Bortzer's vehicle.[2] During trial, the jury had the opportunity to view the video recording of the field sobriety tests and observe Bortzer's behavior and demeanor. Additionally, Bortzer thoroughly cross-examined Officer Choi challenging his recollection of which headlight was inoperable and which direction he faced traffic at the time he observed the Jeep. The jury convicted Bortzer of driving while under the influence of alcohol, third offense committed within five years of two prior convictions in violation of Code §§ 18.2-266 and 18.2-270, driving with a revoked license in violation of Code § 46.2-301, and driving under the influence of alcohol while his license was revoked for driving under the influence of alcohol in violation of Code § 46.2-391(D).

When reviewing a trial court's decision on appeal, "we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003). "The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988). This Court evaluates whether a trial court abused its discretion not by substituting its judgment for that of the trial court, rather it considers "only whether the record

---

[1] On June 20, 2013, Officer Choi testified at the preliminary hearing that he was positioned in the highway crossover approximately one hundred feet from the Buffalo River Bridge. Later, at the March 19, 2014 suppression hearing, Officer Choi testified that he could not recall his exact location in relation to the highway crossover on the night of December 8, 2012. Regardless of his exact location, Officer Choi testified that he observed a Jeep heading north with only one operational headlight. Bortzer was the Jeep's driver.

[2] Bortzer admitted to Officer Choi that his license was suspended and provided the officer with his Virginia identification card in lieu of a Virginia driver's license.

fairly supports the trial court's action." Grattan v. Commonwealth, 278 Va. 602, 620, 685 S.E.2d 634, 644 (2009) (quoting Beck v. Commonwealth, 253 Va. 373, 385, 484 S.E.2d 898, 906 (1997)). An abuse of discretion occurs only when reasonable jurists could not differ. Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743, adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005).

A "great deal [of discretion] must necessarily be left to the . . . court of trial, in determining whether evidence is relevant to the issue or not." John Crane, Inc. v. Jones, 274 Va. 581, 590, 650 S.E.2d 851, 855 (2007). "Evidence is relevant if it has any logical tendency, however slight, to establish a fact at issue in the case." Ragland v. Commonwealth, 16 Va. App. 913, 918, 434 S.E.2d 675, 678 (1993); see also Rule 2:401. However, "[e]vidence that is not relevant is not admissible." Rule 2:402(a). These rules, as applied to the impeachment of a witness on cross-examination, are explained by the following context:

> A witness may be impeached on cross-examination by proof that he has, on a prior occasion, made a statement that is inconsistent with any testimony given by him on direct examination. However, if the subject matter is raised for the first time on cross-examination and is *collateral* to the issues on trial, it cannot be the basis for impeachment by proof of a prior inconsistent statement.

Waller v. Commonwealth, 22 Va. App. 53, 57, 467 S.E.2d 844, 847 (1996) (emphasis added); Charles E. Friend & Kent Sinclair, The Law of Evidence in Virginia § 6-5[a] (7th ed. 2012) ("[I]t is in reality just another way of stating the relevancy requirement, with the term 'collateral' being substituted for the word 'irrelevant.'").

Bortzer claims that in denying his motion to suppress and granting the Commonwealth's motion *in limine* the circuit court failed to recognize that the same evidence could bear on two disparate issues. See Crane v. Kentucky, 476 U.S. 683, 688 (1986) ("the circumstances surrounding the taking of a confession can be highly relevant to two separate inquiries, one legal

and one factual"). Bortzer argues that Officer Choi's testimony serves a dual purpose. First, it goes to whether there was probable cause for the stop – a legal determination. Second, a credibility issue which is for the jury to determine. He argues that Officer Choi, as the Commonwealth's sole witness for the stop and the subsequent driving, inherently placed his credibility and possible bias at issue because, as a police officer, he has a desire to be perceived credible. We disagree with Bortzer.

While evidence can be entered for a dual purpose, Bortzer is mistaken that he would be entitled to impeach Officer Choi on a collateral issue. It is settled law that "[a]n accused has a right to cross-examine prosecution witnesses to show bias or motivation and that right, when not abused, is absolute. The right emanates from the constitutional right to confront one's accusers." Brown v. Commonwealth, 246 Va. 460, 464, 437 S.E.2d 563, 564-65 (1993). Further, "[b]ias is a term used . . . to describe the relationship between a party and a witness which might lead the witness to slant, unconsciously or otherwise, his testimony in favor of or against a party." United States v. Abel, 469 U.S. 45, 52 (1984). A witness' bias "is not a collateral matter," and generally, "anything tending to show the bias on the part of a witness may be drawn out." Henning v. Thomas, 235 Va. 181, 188, 366 S.E.2d 109, 113 (1988) (emphasis omitted) (quoting Henson v. Commonwealth, 165 Va. 821, 825-26, 183 S.E. 435, 437 (1936)); see also Rule 2:610. However, the right to cross-examine a witness to show bias "may not be employed as a device to confuse the issues before the jury or to imply the existence of evidence that the jury is not permitted to consider." Lewis v. Commonwealth, 269 Va. 209, 214, 608 S.E.2d 907, 910 (2005). "No question respecting any fact irrelevant to the issue can be put to a witness on cross-examination for the mere purpose of impeaching his credit by contradicting him." Seilheimer v. Melville, 224 Va. 323, 326, 295 S.E.2d 896, 898 (1982) (quoting Allen v. Commonwealth, 122 Va. 834, 842, 94 S.E. 783, 785-86 (1918)). Moreover, "[a] witness cannot

- 4 -

be impeached by evidence of a collateral fact which is not relevant to the issues of the trial even though to some extent it has a bearing on the issue of credibility." Maynard v. Commonwealth, 11 Va. App. 437, 444, 399 S.E.2d 635, 639 (1990).

The questioning of Officer Choi during cross-examination regarding the location of his patrol car only serves to elicit an inconsistent statement on a collateral issue which may discredit Officer Choi only because it is inconsistent. Officer Choi's failure to recollect which headlight was inoperable, which route he took before stopping Bortzer's Jeep, and where he was located on Route 29 are irrelevant to Bortzer's guilt or innocence of the charges against him. Bortzer sought to cross-examine Officer Choi regarding facts collateral to the issues of whether he was driving while intoxicated or on a suspended or revoked license for the sole purpose of impeaching his credibility. Further, such evidence would confuse the jury on routine details concerning the basis for the stop, an inquiry properly and finally disposed of by the trial court in the two suppression hearings held in this case, instead of the elements of the offenses tried before it.

Additionally, Bortzer argues that Kyles v. Whitley, 514 U.S. 419, 446-47 (1995), and Workman v. Commonwealth, 272 Va. 633, 636 S.E.2d 368 (2006), allow him to attack the reliability of a police investigation. However, Bortzer ignores the fact that both Kyles and Workman involved pretrial discovery issues pursuant to Brady v. Maryland, 373 U.S 83, 87 (1963). In this case, Bortzer did not make a Brady allegation, cannot point to prosecutorial misconduct or any defense he was unable to develop as a result of evidence the prosecution failed to disclose, and this case does not involve pretrial discovery. Thus, Bortzer's reliance on

Workman and Kyles is without merit. Bortzer also attempts to analogize a motion *in limine* with that of a motion for summary judgment. However, this argument is procedurally barred. [3]

Thus, the circuit court did not abuse its discretion in excluding questions regarding Officer Choi's prior testimony with regard to his vehicle location, route, or recollection of Bortzer's inoperable headlight.

For the foregoing reasons, the circuit court's ruling and judgment is affirmed.

Affirmed.

---

[3] Under Rule 5A:18, the "same argument must have been raised, with specificity, at trial before it can be considered on appeal." Correll v. Commonwealth, 42 Va. App. 311, 324, 591 S.E.2d 712, 719 (2004). "Making one specific argument on an issue does not preserve a separate legal point on the same issue for review." Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*). Bortzer did not make his motion *in limine* and summary judgment comparison argument to the circuit court. Thus, the circuit court was not given the opportunity to intelligently consider the issue, and, therefore, we do not consider it upon appellate review.