**Richmond**

WAYNE RUSH MEADOWS

v.

COMMONWEALTH OF VIRGINIA

No. 1198-87-2

Decided November 14, 1989

COUNSEL

Roderic H. Slayton, for appellant.

Birdie H. Jamison, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**KEENAN, J.**—Wayne Rush Meadows was convicted in a jury trial of burglary, two counts of grand larceny, and destruction of private property. On appeal, he contends that the trial court erred in admitting evidence of another crime which he committed approximately seven months prior to the present offenses. We find that this evidence should not have been admitted since it was evidence of another crime not properly admissible under any of the established exceptions to the general rule limiting use of other crimes evidence, and therefore, we reverse his convictions.

At trial, the evidence showed that in the early morning hours of March 22, 1987, Meadows and Charles Marks broke into the residence of G. M. Cotton in Orange, Virginia. They gained entry to the residence by throwing a brick through a glass door at the back of the house. Once inside, they removed a jewelry box containing various items of jewelry, a personal computer, a pair of gloves and a flashlight. Meadows and Marks then hid the stolen items in the area surrounding Meadows' home. They planned to sell the items and decided to steal a car to aid them in this endeavor.

At approximately 3:00 a.m. that same morning, Meadows and Marks stole a 1982 Nissan Stanza. They loaded the stolen items into the car. After making an unsuccessful attempt at selling the stolen items, Meadows deliberately drove the car into numerous mailboxes and stop signs. When the car eventually ran out of gas,

Meadows and Marks ran it off a hill into a tree. The car was found later that morning by a member of the Orange County Sheriff's Department.

At trial, G. M. Cotton, the owner of the burglarized residence, testified that approximately seven months earlier, in August 1986, she had hired Meadows and his brother to install an attic fan in her house. She testified that shortly after the work was completed, she noticed that two watches were missing from the jewelry box in her bedroom. Cotton contacted Meadows' brother and asked for the watches. Meadows returned one watch and his brother returned the other one. The watches were stolen from the same jewelry box that was stolen on the night of March 22, 1987.

Meadows contends that the trial court erred in admitting the evidence concerning his previous theft of the watches from the Cotton residence. In response, the Commonwealth argues that the evidence was admissible to show Meadows' knowledge of the existence of valuables in the Cotton home and knowledge of the location of the items stolen.

▮ Evidence of a similar criminal offense committed by an accused is inadmissible if its only relevance is to show that the accused probably committed the crime for which he is now charged or that he is probably guilty of the charged offense because he is a person of bad or criminal character. *Kirkpatrick v. Commonwealth*, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970); *Sutphin v. Commonwealth*, 1 Va. App. 241, 245, 337 S.E.2d 897, 899 (1985).

▮ There are, however, numerous exceptions to this well established rule:

Evidence of other offenses is admitted if it shows the conduct and feeling of the accused toward his victim, if it establishes their prior relations, or if it tends to prove any relevant element of the offense charged. Such evidence is permissible in cases where the motive, intent or knowledge of the accused is involved, or where the evidence is connected with or leads up to the offense for which the accused is on trial. Also, testimony of other crimes is admissible where the other crimes constitute a part of the general scheme of which the crime charged is a part.

*Kirkpatrick*, 211 Va. at 272, 176 S.E.2d at 805. We find that the evidence relating to the August 1986 thefts did not fit into any of these exceptions and was therefore inadmissible.

■ Other crimes evidence which tends to prove the defendant's knowledge has been permitted in two narrow circumstances: where knowledge of a particular fact is an essential element of the crime which the Commonwealth must prove beyond a reasonable doubt, *Lewis v. Commonwealth*, 225 Va. 497, 503, 303 S.E.2d 890, 893 (1983); *Collins v. Commonwealth*, 226 Va. 223, 229, 307 S.E.2d 884, 889 (1983); or where the offenses were interrelated so that evidence of one tended to show the defendant's guilty knowledge of the other. *Stockton v. Commonwealth*, 227 Va. 124, 143, 314 S.E.2d 371, 383 (1984); *Lewis v. Commonwealth*, 225 Va. at 503, 303 S.E.2d at 839.

In the case before us, the Commonwealth was not required to prove that the defendant knew there were valuables in the house or where they were located in order to convict Meadows of any of the charges. Further, since there is no evidence that any of the items taken in the 1987 burglary were hidden from view in the house, Meadows' knowledge of the location of items taken from the home was not relevant to prove an issue before the trial court.

We also find that the taking of watches in August 1986, seven months prior to the crimes for which Meadows was on trial, was not so interrelated with the 1987 crimes that it was probative of his guilty knowledge of those crimes. Although the watches were taken in 1986 from the same jewelry box that Meadows stole in March of 1987, there is no evidence that the watches were in the box in March of 1987. Further, there is no evidence that any of the jewelry taken in 1987 was in the box when Meadows took the watches. We conclude, therefore, that the only purpose in admitting the evidence that Meadows had previously taken watches from the Cotton residence was to establish his criminal propensity. Such evidence is inadmissible because it confuses one offense with another, unfairly surprises the defendant with a charge he is unprepared to meet, and tends to reverse his presumption of innocence of the crime on trial. *Lewis v. Commonwealth*, 225 Va. at 502, 303 S.E.2d at 893. For the reasons stated, we reverse Meadows' convictions and remand this cause to the trial court for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*

Barrow, J., and Benton, J., concurred.