## Alexandria

### MAURICE DARVONNE WILLIAMS

v.

### COMMONWEALTH OF VIRGINIA

No. 2225-91-4

Decided August 17, 1993

COUNSEL

Richard J. McCue, for appellant.

H. Elizabeth Shaffer, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BAKER, J.**—Maurice Darvonne Williams (appellant) appeals from judgments of the Circuit Court of Arlington County (trial court) that approved jury verdicts convicting him of second degree murder and use of a firearm in the commission of that felony. He contends that the trial court erroneously declined to set aside the verdicts and improperly admitted into evidence a letter he allegedly wrote. For those reasons, he argues that the judgments should be reversed and a new trial ordered. Finding no reversible error, we affirm the judgments of the trial court.

██ Upon familiar principles, we state the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. *Traverso v. Commonwealth*, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988). The evidence relevant to this appeal is that produced by the testimony of Kenneth Johnson, Ted Harvey and appellant.

Johnson testified that shortly after midnight on May 2, 1991, several persons gathered near Harvey's house. Harvey and appellant were engaged in a lively discussion and the group had become noisy. William Vaughn (victim) told the group that it was late, that they were getting too noisy and that they should leave. Everyone started to leave except appellant, who remained leaning against a parked car. Appellant declared that "he didn't have to go nowhere," and began to move away from the car. He turned his back to the victim, pulled a loaded

gun from his pants, turned back and pressed the gun against the victim's head. The victim knocked away appellant's arm and hand that held the gun. Although he tripped over the curb and fell, appellant did not drop the gun in his hand. Appellant got up, took a step toward the victim and shot him. The victim died as a result of the wounds inflicted by the shot. Johnson made an in-court identification of appellant as the person who killed the victim.

On May 20, 1991, appellant was indicted and charged with murder and the use of a firearm in the commission thereof. In June 1991, appellant filed a lengthy motion for discovery. Relevant to this appeal, he asked for the following:

1. All written or recorded statements of confessions made by the Defendant; . . . .

. . . .

6. All books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, that are to be introduced by the Commonwealth at trial; . . . .

. . . .

14. All information known to the Commonwealth of Virginia, by and through her agents; or all such information which may became [sic] so known to the Commonwealth of Virginia, which is favorable to the accused and material to the issues of guilt or punishment and which must be furnished to the Defendant pursuant to the rulings in *Brady v. Maryland* and related cases.

The information being requested includes, but is not limited to the following:

. . . .

(c) Full disclosure of any statements, which were made by any witness who will testify at trial, which contradict or materially differ from other statements made by such witness, or which differ from statements made by other witnesses;

(d) Full disclosure of any statements made by any witness to the offense which indicate that the shooting was accidental or that the Defendant acted in self-defense.

Pursuant to that motion, the Commonwealth's attorney and counsel for appellant prepared an order, endorsed it "Seen and Agreed" and presented it to the trial court. The order was entered on September 23, 1991. In relevant part, the order directed the Commonwealth to provide appellant with the following:

All written or recorded statements or confessions made by the accused to law enforcement officers, or copies thereof, or substance of any oral confessions or oral statements made by the accused to any law enforcement officers, or copies thereof, or the substance of any oral confessions or oral statements made by the accused to any law enforcement officer, the existence of which is known to the Attorney for the Commonwealth; . . . .

. . . .

(3) All books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, that are to be introduced at trial by the Commonwealth in her case-in-chief
. . . .

No objection was made by appellant that the order failed to specifically include other matters asked for in the motion for discovery. Appellant appeared to be satisfied that the order gave him the information he had requested, until after the verdicts were returned. He gave no indication that he would object until the day he was sentenced.

On September 1, 1991, more than a month after the adverse verdicts were returned, appellant moved that the verdicts be set aside and a new trial ordered. In support of his motion, he first asserted that the Commonwealth failed to provide exculpatory evidence requested in the following provisions of his *motion* for discovery:

(c) Full disclosure of any statements, which were made by any witness who will testify at trial, which contradict or materially differ from other statements made by such witness, or which differ from statements made by other witnesses;

(d) Full disclosure of any statement made by any witness to the offense which indicate that the shooting was accidental or that the Defendant acted in self-defense.

Appellant alleged that testimony by Harvey constituted exculpatory evidence that the Commonwealth failed to disclose in violation of the

Due Process Clause of the United States Constitution and the mandate of *Brady v. Maryland*, 373 U.S. 83 (1963).

Harvey's testimony confirmed that a group had gathered in front of his house in the early morning hours of May 2, 1991; that he and appellant were having a "disagreement" concerning a matter that had occurred on a prior occasion; that both he and appellant were in possession of guns; that he put his gun back in his house, but appellant kept his gun on his person; that the crowd became noisy and the victim asked them to quiet down and leave the area; that some of them started to leave, but that appellant, who was leaning against a car at the time, moved off the car and declared that he was not leaving; that as the victim approached him, appellant pulled out his gun and held it to the victim's face; and that the victim "smacked the gun and pushed him off the curb," where appellant fell. From where Harvey was standing, a car blocked his view and he could not see either appellant or the victim; however, he heard gunfire and thereafter saw that the victim had been shot. Harvey did not see the victim in possession of a gun or any other weapon.

When Harvey testified, appellant did not claim surprise or object to any of Harvey's testimony. He did not move for a mistrial or request the trial court to instruct the jury to disregard any statement Harvey made. The trial required two full days to complete. Harvey testified on the first day. After hearing Harvey testify, appellant had overnight to consider whether to go forward with the trial or seek a mistrial. He elected to chance a favorable jury verdict and waited until the day of sentencing, more than a month later, to claim that he had not been afforded a fair trial.

I.

One accused of a criminal offense may obtain exculpatory evidence known to the prosecution. *Bellfield v. Commonwealth*, 215 Va. 303, 307, 208 S.E.2d 771, 774 (1974), *cert. denied*, 420 U.S. 965 (1975). The suppression or withholding of such evidence violates due process irrespective of the good faith of the prosecution. *Lowe v. Commonwealth*, 218 Va. 670, 679, 239 S.E.2d 112, 118 (1977), *cert. denied*, 435 U.S. 930 (1978). However, there is no general constitutional right to discovery in a criminal case, and *Brady* did not establish one. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977); *see also Lowe*, 218 Va. at 679, 239 S.E.2d at 118. The prosecution is not required to disclose evidence in its possession that is not exculpatory and material

to either guilt or punishment. *See Taitano v. Commonwealth*, 4 Va. App. 342, 349, 358 S.E.2d 590, 593 (1987).

Appellant testified that he shot the victim in self-defense. Harvey's testimony did not support appellant's claim of self-defense, nor was it "substantially different" from Johnson's testimony, as appellant contends. In material points, the testimony of Johnson and Harvey coincided. Both men testified that appellant was armed with a loaded gun that had been concealed; that the victim was merely trying to quiet a noisy group on a public street shortly after midnight; that while the others started to move away, appellant defiantly remained; that there was no cause shown to justify appellant drawing his gun and pressing it against the unarmed victim; and that the victim's only physical motion was to "bat" the gun away from his face. Johnson's testimony clearly established that appellant was at fault, and nothing in Harvey's testimony disclosed that appellant was justified in killing the victim.

Although persuasive argument could be made that appellant waived any *Brady* objection by endorsing the discovery order, "Seen and Agreed," or by not objecting to Harvey's testimony or moving for a mistrial, we need not decide those questions because we agree with the trial court's conclusion that Harvey's testimony was not exculpatory or material to appellant's defense. Due process requires that the prosecution produce evidence favorable to the accused upon request when that evidence is material to guilt or punishment, *United States v. Bagley*, 473 U.S. 667, 674 (1985); however, evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *Id.* at 682; *see also Davis v. Commonwealth*, 230 Va. 201, 335 S.E.2d 375 (1985).

Although the testimony of Johnson and Harvey was not identical, it did not conflict to the extent that the Commonwealth was required to provide appellant with a summary of their anticipated testimony. The variance, if any, in their testimony does not equate to a material violation of the *Brady* exculpatory evidence requirement. Moreover, appellant knew that Harvey was present when the homicide occurred. In conducting his investigation preparatory to the trial, he had the same right as the Commonwealth to interview Harvey and obtain his statement. *See Bellfield*, 215 Va. at 307, 208 S.E.2d at 774.

The trial court did not err in refusing to set aside the jury verdicts on the basis of a *Brady* violation.

## II.

Appellant testified in his own behalf and asserted that he had fired his gun in self-defense. During cross-examination of appellant, the prosecutor was permitted to question him concerning the contents of the following letter:

Donnie, 5-22-91

If you do testify for me these are the things not to say. Tell Andre too! Don't say: I pointed the gun at his head.

When I fell that I sat up & shot him you or Andre went to the hotel with me that I was drinking before it happened I had the gun all day

Just say when I fell the gun went off! That is the key It could mean the difference between 5 to 10 & 20 to life

Thank-you

The 4 horsemen runnin shit with the red rooster and the ghost I miss only you Andre & Terrence

Appellant asserts that it was error to admit the letter into evidence and to permit the Commonwealth to cross-examine him on its contents. He argues first that the Commonwealth failed to provide him with a copy of the letter as requested by his motion asking that the Commonwealth give him ''all written or recorded statements or confessions made by the defendant.'' As noted above, pursuant to appellant's discovery motion, appellant endorsed an order ''Seen and Agreed'' that, in relevant part, provided:

THIS DAY came the Commonwealth of Virginia, by her Attorney, and the defendant, by counsel, and moved the Court for entry of an Order governing discovery by the respective parties in this case, pursuant to Rule 3A:11, Rules of the Supreme Court of Virginia. Whereupon the Attorney for the Commonwealth and counsel for the defendant moved the Court to approve and order the following schedule of discovery and inspection in this case, which said Motion the Court granted; and it is therefore

ADJUDGED AND ORDERED that the Commonwealth of Virginia permit the defendant to inspect, copy and/or photograph:

■ All written or recorded statements or confessions made by the accused *to law enforcement officers*, or copies thereof, or the substance of any oral confessions or oral statements made by the accused *to any law enforcement officer*, the existence of which is known to the Attorney for the Commonwealth; . . .

(emphasis added).

Appellant admitted that he wrote the letter to Donald Pelham, a friend. The order did not require disclosure of statements made to persons other than law enforcement officers. Nothing in this record indicates that Pelham was such an officer; therefore, the Commonwealth was not required to provide appellant with a copy of the letter.

■ Appellant further argues that the letter was inadmissible because it was used to impeach him on collateral matters raised for the first time during cross-examination. The statements in the letter were not collateral to the issues being considered by the jury. "The test as to whether a matter is material or collateral, in the matter of impeachment of a witness, is whether or not the cross-examining party would be entitled to prove it in support of his case." *Allen v. Commonwealth*, 122 Va. 834, 842, 94 S.E. 783, 786 (1918); *see also Maynard v. Commonwealth*, 11 Va. App. 437, 445, 399 S.E.2d 635, 640 (1990) (en banc). Statements made by one accused of a crime, from which, in connection with other evidence, an inference of guilt can be drawn, are admissible as tending to prove the accused's guilt. *See* 29 Am. Jur. 2d *Evidence* § 611 (1967); *see also Prince v. Commonwealth*, 228 Va. 610, 613, 324 S.E.2d 660, 662 (1985); *Land v. Commonwealth*, 211 Va. 223, 229, 176 S.E.2d 586, 590-91 (1970). Here, the jury reasonably could infer, upon consideration of the other evidence, that appellant was attempting to cover his guilt, even to the extent of suborning perjury. That evidence would have been admissible in the Commonwealth's primary case and it was not error to admit the letter into evidence and use it to contradict appellant's claim of self-defense.

For the reasons stated, the judgments of the trial court are affirmed.

*Affirmed.*

Bray, J., and Fitzpatrick, J., concurred.