## Alexandria

### DONALD CONOVAN BROWN

v.

### COMMONWEALTH OF VIRGINIA

No. 0747-92-4

Decided April 5, 1994

COUNSEL

Denman A. Rucker (Rucker & Rucker, on brief), for appellant.

Kathleen Martin, Assistant Attorney General (Stephen D. Rosenthal, Attorney General; Virginia B. Theisen, Assistant Attorney General, on brief), for appellee.

OPINION

**BARROW, J.**—This criminal appeal is from a judgment of conviction for distributing cocaine and for doing so within 1000 feet of a school. We hold that evidence that the defendant was seen exchanging something with an unidentified man approximately twenty minutes before the alleged sale with which he was charged was inadmissible because it served no purpose except to show the defendant's propensity to commit a crime. For this reason, we reverse.

A detective conducting surveillance observed the defendant and an unidentified man approach the rear of a van parked near a restaurant across the street from the detective's position. He saw the unidentified man give cash to the defendant but could not see what, if anything, the defendant gave in return. After the exchange, the unidentified man walked a short distance away. About twenty minutes later, another man approached the defendant near the restaurant; the two men then entered the restaurant and exited ten to twenty seconds later. When they exited, the other man was in front of the defendant and had one hand "cupped." This man, whom the police shortly thereafter arrested, testified at the defendant's trial that he had purchased cocaine from the defendant.

"Evidence that shows or tends to show that the accused committed or was guilty of other crimes is not admissible for the purpose of proving that the accused committed or likely committed the particular crime charged." *Wilson v. Commonwealth*, 16 Va. App. 213, 220, 429 S.E.2d 229, 233, *aff'd en banc*, 17 Va. App. 248, 436 S.E.2d 193 (1993). The exceptions to this rule are well established. Evidence of other crimes is admissible to prove an element of the offense charged, or to prove motive, intent, agency, or knowledge, or to show a common scheme or plan,

where such is an element of the offense. *Kirkpatrick v. Commonwealth*, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970). Evidence which does not tend to prove guilt, but only serves to prejudice the defendant, should be excluded as irrelevant. *Bunting v. Commonwealth*, 208 Va. 309, 314, 157 S.E.2d 204, 208 (1967).

In this case, the defendant's earlier encounter with an unidentified man may or may not have included an exchange of a controlled substance. However, the jury may have inferred that it did and, thus, may have found that the defendant had committed another crime. This evidence did not tend to prove an element of the crime with which the defendant was charged. It tended to prove only his propensity to commit a crime, and was, therefore, inadmissible. *See Wilson*, 16 Va. App. at 220, 429 S.E.2d at 233.

The trial court's cautionary instruction to the jury did not cure the error. The trial court instructed the jury that it could not consider the evidence to prove the crime, to prove the defendant's guilt or to determine his sentence. In conflict with these stated limitations, however, the trial court also instructed the jury that the evidence could be considered to prove the defendant's state of mind, his intent, or "the manner of whether or not this is an operation which leads into the main indictment in this case."

A cautionary instruction regarding evidence of other crimes is a valuable, if not necessary, means of properly limiting a jury's consideration of such evidence. Often it may also demonstrate the propriety or impropriety of admitting the evidence. In this case, however, the limitations expressed in the instruction demonstrated that the evidence served no permissible purpose and contradicted the reasons for which the instruction told the jury it could consider the evidence. At best, the instruction confused the jury; at worst, it allowed the jury to consider the evidence in an impermissible fashion.

Finally, we do not address the defendant's contention that a police officer's testimony concerning the prevalence of drug activity in the area was inadmissible. The admissibility of this type of evidence depends on the facts presented at trial. *See Coe v. Commonwealth*, 231 Va. 83, 86, 340 S.E.2d 820, 822 (1986) (such evidence admissible when considered with other evidence of illegal activity); *Smith v. Commonwealth*, 217 Va. 336, 228 S.E.2d 562 (1976) (evidence of defendant's repeated presence at a reputed

high drug traffic location was, without more, irrelevant); *Brown v. Commonwealth*, 15 Va. App. 232, 421 S.E.2d 911 (1992) (evidence that defendant arrested in an "open air drug market" admissible). Not knowing what evidence will be presented upon retrial, we are unable to determine if such evidence will be admissible if this matter is retried.

For these reasons, the defendant's conviction is reversed and the proceeding remanded for a new trial, if the prosecution elects to do so.

*Reversed and remanded.*

Fitzpatrick, J., concurred.

Baker, J., concurring in result.

Because I believe that *Wilson v. Commonwealth*, 16 Va. App. 213, 429 S.E.2d 229, *aff'd en banc*, 17 Va. App. 248, 436 S.E.2d 193 (1993), relied on by the majority, was not decided in accord with presently controlling decisions of the Supreme Court of Virginia, I concur only in the result.