Tuesday                    28th

November, 2006.


Kyna Chanelle McGowan, s/k/a
   Kyna Chanele McGowan,                                                          Appellant,

 against               Record No. 0412-05-1
                       Circuit Court No. CR04-732-00

Commonwealth of Virginia,                                                        Appellee.


Upon a Rehearing En Banc

Before Chief Judge Felton, Judges Benton, Elder, Frank, Humphreys, Clements, Kelsey,
                       McClanahan, Haley, Petty and Beales

        Charles E. Haden for appellant.

        Alice T. Armstrong, Assistant Attorney General (Robert F. McDonnell,
        Attorney General, on brief), for appellee.


        By published opinion dated June 20, 2006, a divided panel of this Court affirmed the judgment

of the trial court.  See McGowan v. Commonwealth, 48 Va. App. 333, 630 S.E.2d 758 (2006).  We

stayed the mandate of that decision and granted a rehearing *en banc*, 48 Va. App. 611, 633 S.E.2d 232

(2006).

        Upon rehearing *en banc*, it is ordered that the stay of the June 20, 2006 mandate is lifted and the

judgment of the trial court is affirmed for the reasons set forth in the majority panel opinion.

        Chief Judge Felton, Judges Benton, Elder, Frank and Clements dissent for the reasons set forth in

the panel dissent.  See 48 Va. App. at 344-53, 630 S.E.2d at 764-68.

        It is ordered that the trial court allow counsel for the appellant an additional fee of $200 for

services rendered the appellant on the rehearing portion of this appeal, in addition to counsel's costs and

necessary direct out-of-pocket expenses.  This amount shall be added to the costs due the Commonwealth in the June 20, 2006 mandate.

This order shall be published and certified to the trial court.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk

Tuesday                    15th

August, 2006.

Kyna Chanelle McGowan, s/k/a
  Kyna Chanele McGowan,                                            Appellant,

 against          Record No. 0412-05-1
                  Circuit Court No. CR04-732-00

Commonwealth of Virginia,                                          Appellee.


Upon a Petition for Rehearing En Banc

Before Chief judge Felton, Judges Benton, Elder, Frank, Humphreys, Clements, Kelsey, McClanahan, Haley, Petty and Beales


On July 5, 2006 came the appellant, by court-appointed counsel, and filed a petition requesting that the Court set aside the judgment rendered herein on June 20, 2006, and grant a rehearing *en banc* thereof.

On consideration whereof, the petition for rehearing *en banc* is granted, the mandate entered herein on June 20, 2006 is stayed pending the decision of the Court *en banc*, and the appeal is reinstated on the docket of this Court.

Notwithstanding the provisions of Rule 5A:35, the following briefing schedule hereby is established:  Appellant shall file an opening brief upon rehearing *en banc* within 21 days of the date of entry of this order; appellee shall file an appellee's brief upon rehearing *en banc* within 14 days of the date on which the opening brief is filed; and appellant may file a reply brief upon rehearing *en banc* within 14 days of the date on which the appellee's brief is filed.  The appellant shall attach as an addendum to the opening brief upon rehearing *en banc* a copy of the opinion previously rendered by the

Court in this matter.  It is further ordered that the appellant shall file twelve additional copies of the appendix previously filed in this case.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk

COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Humphreys and Kelsey
Argued at Chesapeake, Virginia


KYNA CHANELLE McGOWAN, S/K/A
  KYNA CHANELE McGOWAN
                                                    OPINION BY
v.        Record No. 0412-05-1            JUDGE ROBERT J. HUMPHREYS
                                                    JUNE 20, 2006
COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                          William C. Andrews, III, Judge

          Charles E. Haden for appellant.

          Alice T. Armstrong, Assistant Attorney General (Robert F.
          McDonnell, Attorney General, on brief), for appellee.


       Kyna Chanelle McGowan (McGowan) appeals her jury conviction for distribution of

cocaine, in violation of Code § 18.2-248.  McGowan argues that the trial court abused its

discretion in admitting evidence of a subsequent drug offense.  For the following reasons, we

disagree, and affirm.

                                    BACKGROUND

       "On appeal, we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom."  Martin v. Commonwealth, 4

Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  So viewed, the evidence established the

following.

       On March 4, 2004, James McCoy (McCoy), an undercover agent working with the

Hampton Police Department's Special Investigations Unit, conducted a controlled buy as part of

an operation to interdict street-level drug sales.[1]  McCoy drove to a shopping center that was known to be a high drug area.  There, Saroyal Booker (Booker) approached McCoy's car.  Booker asked McCoy if "he was looking," and McCoy answered "yes."  Booker asked what he needed, and McCoy responded "a 20 rock."  She told him to follow her because her "girl [was] across the street at McDonald's."

Upon arriving at the McDonald's parking lot, McCoy saw Booker approach McGowan, who was sitting on a picnic table.  They talked, and McGowan reached into her "bra area" and handed something to Booker.[2]  McGowan returned to the picnic table, and Booker walked to McCoy's car.  Booker gave McCoy two rocks of crack-cocaine in exchange for a twenty-dollar bill.  Booker then approached McGowan, and another "transaction" occurred between them.  After the exchange, Booker went inside McDonald's, and McGowan left the picnic area.[3]

On July 6, 2004, the City of Hampton Grand Jury indicted McGowan for distribution of cocaine, and, on July 13, 2004, Hampton police officers arrested McGowan.  Upon McGowan's arrest, Detective Christine Saunders ("Saunders") conducted a search incident to arrest.  During the search, Saunders found two rocks of crack-cocaine inside of McGowan's bra.[4]

Before trial, the Commonwealth filed a motion *in limine* seeking to introduce the cocaine discovered on McGowan's person during the search incident to her arrest.  The trial judge denied the motion, prohibiting the introduction of the evidence during the Commonwealth's

---

[1] Other narcotics officers watched McCoy through binoculars.

[2] Neither McCoy nor the other surveillance officers could see what was exchanged.

[3] As part of the drug interdiction operation, Hampton police officers stopped McGowan shortly after the controlled buy for the sole purpose of identifying her.  They did not arrest her at that time, as this was only one transaction in a large-scale investigation.

[4] McGowan was subsequently charged with a separate offense of possession of cocaine.  That separate charge is not at issue on appeal.

case-in-chief. However, at the Commonwealth's request, the judge reserved ruling on the issue of whether the Commonwealth could introduce the evidence in rebuttal in the event McGowan chose to testify.

During McGowan's jury trial for the charge of distribution of cocaine, McGowan took the stand in her defense. During cross-examination by the Commonwealth, the following exchange took place:

> [COMMONWEALTH:] Do you know what crack cocaine is?
>
> [McGOWAN:] No.
>
> [COMMONWEALTH:] On March the 4th, 2004, did you possess crack cocaine?
>
> [McGOWAN:] No.
>
> [COMMONWEALTH:] So you wouldn't know crack cocaine if you saw it?
>
> [McGOWAN:] I sure wouldn't.
>
> [COMMONWEALTH:] So when you were arrested on July 13th, 2004, did you have any crack cocaine on your person?
>
> [McGOWAN:] No.

McGowan objected to the last question, arguing that "[i]t goes directly to what the court has already ruled." However, the trial judge overruled the objection, reasoning that McGowan did not object to the original line of questions concerning her lack of knowledge of crack-cocaine and, thus, opened the door to the other crimes evidence.[5] The Commonwealth concluded its cross-examination of McGowan by asking the following:

> [COMMONWEALTH:] Ms. McGowan, is it your testimony today that when you were arrested on July 13th, 2004 on the direct indictment for distribution of cocaine that you did not have two

---

[5] In fact, McGowan concedes that the first question, regarding her knowledge of crack-cocaine was appropriate, as knowledge is an essential element of the crime.

individually items—two individually wrapped items which
appeared to be crack cocaine in your bra?

[McGOWAN:] No, I did not.

In rebuttal, the Commonwealth called Saunders, the officer who arrested McGowan for the July 13, 2004 incident. When asked whether McGowan had any drugs on her person at the time of her arrest, Saunders stated that, during the search, McGowan "turned her back, reached down into her bra and handed me two items both of which I believed to be crack cocaine."

The trial judge provided the following limiting instruction, pertaining to McGowan's cocaine possession on the day of her arrest:

> You may consider evidence that the defendant committed an
> offense other than the offense for which she is on trial only as
> evidence of the defendant's intent, opportunity or as evidence of
> the absence of mistake or accident on the part of the defendant in
> connection with the offense for which she is on trial and for no
> other purpose.

The jury convicted McGowan of distributing cocaine, in violation of Code § 18.2-248. The trial court sentenced McGowan to five years in prison and imposed a $5,000 fine. This appeal followed.

## ANALYSIS

On appeal, McGowan argues that the trial court abused its discretion by admitting "other crimes" evidence. Specifically, McGowan contends that the "other crimes" evidence concerning her July 13 cocaine possession "had little probative value and created an undue risk of prejudice." Moreover, she argues that the evidence had the substantive effect of implying "to the jury that [she] had a history of drug dealing and a propensity to sell drugs, even though [she] had never been convicted of a drug offense or other felony." We disagree.

- 4 -

<u>A. The Evidence of a Subsequent Possession of Cocaine Was Admissible</u>
<u>"Other Crimes" Evidence</u>

Appellate review "of the admissibility of evidence is within the broad discretion of the trial court, and its ruling thereon will not be disturbed on appeal in the absence of an abuse of discretion." <u>Auer v. Commonwealth</u>, 46 Va. App. 637, 643, 621 S.E.2d 140, 142 (2005).

"Generally, proof tending to show an accused committed other crimes at other times is incompetent and inadmissible for the purpose of showing commission of the particular crime charged." <u>Woodfin v. Commonwealth</u>, 236 Va. 89, 95, 372 S.E.2d 377, 380-81 (1988) (citing <u>Kirkpatrick v. Commonwealth</u>, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970)); <u>see</u> <u>Sutphin v. Commonwealth</u>, 1 Va. App. 241, 245, 337 S.E.2d 897, 899 (1985). An exception to the general rule of inadmissibility exists if the evidence "tends to prove any element of the offense charged, even though it also tends to show that the defendant is guilty of another crime." <u>Goins v. Commonwealth</u>, 251 Va. 442, 462, 470 S.E.2d 114, 127 (1996). Thus, "evidence of other crimes is admissible to show the motive, intent, and knowledge of an accused when one or more of those elements is at issue in the trial of an offense." <u>Bunch v. Commonwealth</u>, 225 Va. 423, 437, 304 S.E.2d 271, 279 (1983).

Moreover, when a criminal defendant takes the witness stand and "denies complicity in the offense for which he is on trial, he opens the door for any questions on cross-examination that the trial court, in the exercise of its discretion, might find relevant to the issue of guilt or innocence." <u>Satcher v. Commonwealth</u>, 244 Va. 220, 251-52, 421 S.E.2d 821, 840 (1992); <u>see</u> <u>Drumgoole v. Commonwealth</u>, 26 Va. App. 783, 786, 497 S.E.2d 159, 161 (1998). That "denial of complicity on the witness stand also open[s] the door for rebuttal evidence contradictory of the denial." <u>Satcher</u>, 244 Va. at 252, 421 S.E.2d at 840.

In this case, McGowan took the stand and, during her direct examination, patently denied possessing cocaine on March 4, 2004. On cross-examination, the Commonwealth asked

McGowan, "Do you know what crack cocaine is?" McGowan answered, "No." McGowan argues that, although this question was appropriate to prove an essential element of the crime — specifically, knowledge — the question regarding her possession of cocaine on the date of her arrest elicited inadmissible other crimes evidence.[6] Although we agree with the general proposition that other crimes evidence is generally inadmissible to prove one's propensity to commit the crime charged, see Woodfin, 236 Va. at 95, 372 S.E.2d at 380-81, we disagree with the implicit assertion that it remains inadmissible for purposes of rebuttal.

The Commonwealth bears the burden of proving every element of the crime charged. Specifically, the Commonwealth must prove McGowan knew the nature and character of the materials "[s]he was charged with distributing" and the "distribution of which [was] illegal." Anderson v. Commonwealth, 19 Va. App. 64, 67, 448 S.E.2d 888, 890 (1994). Here, McGowan's assertion that "she would not know cocaine if she saw it" calls into question the sufficiency of the Commonwealth's evidence regarding her knowledge of the nature and character of cocaine, thereby placing her knowledge of the nature and character of crack-cocaine at issue. Thus, the Commonwealth's evidence is hardly collateral to the issue of such knowledge, and falls within the exception permitting the introduction of other crimes evidence tending to establish an element of the crime charged. See Trogdon v. Commonwealth, 72 Va. (31 Gratt.) 862, 871-72 (1878) ("[W]henever the intent or guilty knowledge of a party is a material ingredient in the issue of the case . . . other acts and declarations of similar character

---

[6] Clearly, our jurisprudence acknowledges, "prior sales of drugs [do] not, without more, tend to prove that an accused on another unrelated occasion *intended* to sell or possess drugs." Wilson v. Commonwealth, 16 Va. App. 213, 221, 429 S.E.2d 229, 234 (emphasis added), aff'd on reh'g en banc, 17 Va. App. 248, 436 S.E.2d 193 (1993); see also Boyd v. Commonwealth, 213 Va. 52, 53, 189 S.E.2d 359, 359-60 (1972) (*per curiam*); Eccles v. Commonwelath, 214 Va. 20, 22, 197 S.E.2d 332, 333 (1973) (*per curiam*); Donahue v. Commonwealth, 225 Va. 145, 156, 300 S.E.2d 768, 774 (1983). However, as discussed below, this case is distinguishable because the evidence of "other crimes" is relevant to prove an *element* of the offense charged, not the *intent* to commit the crime.

- 6 -

tending to establish such intent or knowledge, are proper evidence."); see also United States v. Sykes, 977 F.2d 1242 (8th Cir. 1992) (holding that possession of the same amount of PCP eight months later was relevant to show knowledge and intent for a prior offense).

Moreover, McGowan denied "complicity in the offense for which [she was] on trial." Satcher, 244 Va. at 252, 421 S.E.2d at 840. In fact, McGowan's response that she would not know cocaine if she saw it was "calculated to mislead the jury into believing that [she] knew nothing about [cocaine] and that [she] had not had any dealings in drugs, which was untrue." Santmier v. Commonwealth, 217 Va. 318, 319, 228 S.E.2d 681, 682 (1976). And although "[e]very criminal defendant is privileged to testify in his own defense," that privilege "cannot be construed to [allow the commission of] perjury." Harris v. New York, 401 U.S. 222, 225 (1971) (citing United States v. Knox, 396 U.S. 77 (1969)). Thus, once having taken the stand voluntarily, McGowan was under the obligation to speak truthfully, or risk the prosecution taking advantage of the "traditional truth-testing devices of the adversary process." Id. Said differently, McGowan "opened the door for rebuttal evidence contradictory of [her] denial." Satcher, 244 Va. at 252, 421 S.E.2d at 840.

Because the "other crimes" evidence was admissible to prove knowledge that she was in possession of cocaine, and because McGowan opened the door for the Commonwealth to impeach her credibility as a witness on a material point, we find that the trial court did not abuse its discretion in overruling McGowan's objection to the other crimes evidence.

### B. The Probative Value of the Subsequent Possession Was Not Outweighed by Unfair Prejudice

We must also consider, however, whether the trial court abused its discretion in determining that the probative value of the subsequent possession was outweighed by the potential for causing unfair prejudice. For the following reasons, we hold that the trial court did

not err in determining that the probative value of the evidence outweighed any potential for unfair prejudice, and, thus, properly admitted the evidence.

"Admission of evidence of other crimes committed by a defendant . . . is subject to the further requirement that the legitimate probative value of the evidence must exceed the incidental prejudice of the defendant." Rose v. Commonwealth, 270 Va. 3, 11, 613 S.E.2d 454, 458 (2005). "The responsibility for balancing the competing considerations of probative value and prejudice rests in the sound discretion of the trial court. The exercise of that discretion will not be disturbed on appeal in the absence of a clear abuse." Spencer v. Commonwealth, 240 Va. 78, 90, 393 S.E.2d 609, 617 (1990).

The probative value of evidence that is "highly relevant and probative of the truth-finding process" generally outweighs any prejudicial effect. Stockton v. Commonwealth, 227 Va. 124, 143, 314 S.E.2d 371, 383 (1984). Furthermore, direct evidence, especially eyewitness testimony, is rarely subject to exclusion on the ground that it would be unduly prejudicial. Powell v. Commonwealth, 267 Va. 107, 141, 590 S.E.2d 537, 558 (2004). Lastly, rebuttal evidence is highly probative of defendant's credibility. Santmier, 217 Va. at 319, 228 S.E.2d at 682.

Here, the legitimate probative value of McGowan's July 13 cocaine possession was not outweighed by the potential for unfair prejudice. The evidence was "highly relevant" because it tended to establish that McGowan was aware of the nature and character of cocaine at the time of the alleged distribution. Also, the evidence was offered to prove that McGowan lied on the stand, thus testing her overall credibility. Viewed in this light, we find this evidence to be "highly relevant and probative of the truth-finding process." Stockton, 227 Va. at 143, 314 S.E.2d at 383.

We disagree with McGowan's assertion that the evidence had the substantive effect of implying "to the jury that [she] had a history of drug dealing and a propensity to sell drugs." The

evidence in this case was not offered for the purpose of showing that McGowan was guilty of another similar crime. Rather, it was offered, in rebuttal to McGowan's defense, to prove McGowan's knowledge of the nature and character of crack-cocaine. And the mere fact that the evidence tended to establish that McGowan committed another crime does not automatically render that evidence unfairly prejudicial. See Goins, 251 Va. at 461-62, 470 S.E.2d at 127.

Additionally, the trial court gave the jury a limiting instruction regarding other crimes evidence. The limiting instruction cautioned the jurors to consider the other crimes evidence "only as evidence of the defendant's intent, opportunity or as evidence of the absence of mistake or accident on the part of the defendant in connection with the offense for which she is on trial and for no other purpose," and was thus designed to decrease the potential for unfair prejudice. The jury is presumed to obey such limiting instructions. Kirk v. Commonwealth, 21 Va. App. 291, 298, 464 S.E.2d 162, 166 (1995).

For these reasons, we find that the trial court did not abuse its discretion in concluding that the legitimate probative value of the other crimes evidence outweighed the potential for unfair prejudice. Accordingly, the trial court did not err in admitting the fact of McGowan's subsequent possession into evidence.

CONCLUSION

The trial court properly admitted the evidence of McGowan's subsequent possession of cocaine in order to prove her knowledge of cocaine, as well as to impeach her credibility. Moreover, its legitimate probative value outweighed any incidental prejudicial effect. Accordingly, we affirm the judgment of the trial court.

Affirmed.

Frank, J., dissenting.

I respectfully disagree with the majority view that evidence of the July 13, 2004 incident was admissible. Thus, I would reverse the decision of the trial court and remand for a new trial.

ANALYSIS

The issue in this case is not whether the Commonwealth could question appellant as to her knowledge of crack cocaine. Instead, the issue is whether the Commonwealth could introduce evidence of appellant's possession of crack cocaine on July 13, 2004. The Commonwealth argues that the evidence is admissible for either one of two purposes: (1) as part of the Commonwealth's case-in-chief, to show appellant's guilty knowledge and intent to distribute crack cocaine on March 4, 2004, or (2) to impeach the appellant's testimony on cross-examination that she did not know what crack cocaine was or what it looked like. I address each of these matters separately.

Admissibility for the Commonwealth's Case-In-Chief

On appeal, appellant contends that the prejudicial effect of the July 13, 2004 drug offense outweighs its probative value. Appellant contends that evidence of the July possession of crack cocaine is highly prejudicial because it conveys to the jury that appellant "had a history of drug dealing and a propensity to sell drugs . . . ."

The Commonwealth argues that the July 2004 drug offense shows appellant had knowledge of crack cocaine, thus making the possession charge relevant during its case-in-chief to prove appellant distributed crack cocaine on March 4, 2004.

> The general rule is well established that in a criminal prosecution, proof which shows or tends to show that the accused is guilty of the commission of other crimes and offenses at other times, even though they are of the same nature as the one charged in the indictment, is incompetent and inadmissible for the purpose of showing the commission of the particular crime charged. It is also well established that evidence of other offenses should be excluded if offered merely for the purpose of showing that the accused was

- 10 -

likely to commit the crime charged in the indictment. However, the exceptions to the general rule are equally as well established. Evidence of other offenses is admitted if it shows the conduct and feeling of the accused toward his victim, if it establishes their prior relations, or if it tends to prove any relevant element of the offense charged. Such evidence is permissible in cases where the motive, intent or knowledge of the accused is involved, or where the evidence is connected with or leads up to the offense for which the accused is on trial. Also, testimony of other crimes is admissible where the other crimes constitute a part of the general scheme of which the crime charged is a part.

Kirkpatrick v. Commonwealth, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970).

Other crimes evidence which tends to prove the defendant's knowledge has been permitted in two narrow circumstances: where knowledge of a particular fact is an essential element of the crime which the Commonwealth must prove beyond a reasonable doubt, or where the offenses were interrelated so that evidence of one tended to show the defendant's guilty knowledge of the other.

Meadows v. Commonwealth, 9 Va. App. 243, 246, 385 S.E.2d 906, 907-08 (1989) (citations omitted).

In order for other crimes evidence to be admissible under the guilty knowledge exception, the Commonwealth must show its relevance to prove a material fact or issue. See Coe v. Commonwealth, 231 Va. 83, 87, 340 S.E.2d 820, 823 (1986). In other words, the Commonwealth must be entitled to introduce this evidence during its case-in-chief. "Evidence of collateral facts or those incapable of affording any reasonable presumption or inference on matters in issue, because too remote or irrelevant, cannot be accepted in evidence." Bunting v. Commonwealth, 208 Va. 309, 314, 157 S.E.2d 204, 208 (1967).

Even if evidence is factually relevant, it must nevertheless be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. See Coe, 231 Va. at 87, 340 S.E.2d at 823. The responsibility for balancing the competing considerations of probative value and prejudice rests in the sound discretion of the trial court and will not be disturbed on appeal in

the absence of a clear abuse.  Spencer v. Commonwealth, 240 Va. 78, 90, 393 S.E.2d 609, 617 (1990).

I agree with the Commonwealth that the Commonwealth must prove appellant's knowledge of the illegal nature of the items distributed.  See Anderson v. Commonwealth, 19 Va. App. 64, 67, 448 S.E.2d 888, 890 (1994) ("The burden [is] on the Commonwealth to establish that the defendant knew the nature and character of the materials he was charged with distributing.").  However, "[t]he Supreme Court [of Virginia] has been particularly careful to recognize the danger of misusing other crimes evidence in drug-related charges."  Wilson v. Commonwealth, 16 Va. App. 213, 221, 429 S.E.2d 229, 234, aff'd on reh'g en banc, 17 Va. App. 248, 436 S.E.2d 193 (1993).

> In three cases, the Supreme Court has addressed the relevance and admissibility of prior drug-related offenses to prove an element or elements of the charged offense.  See Boyd v. Commonwealth, 213 Va. 52, 53, 189 S.E.2d 359, 359-60 (1972) (*per curiam*); Eccles v. Commonwealth, 214 Va. 20, 22, 197 S.E.2d 332, 333 (1973) (*per curiam*); Donahue v. Commonwealth, 225 Va. 145, 156, 300 S.E.2d 768, 774 (1983).  The general principle stated in those cases is that prior sales of drugs do[] not, without more, tend to prove that an accused on another unrelated occasion intended to possess or sell drugs.  Evidence of prior drug-related conduct is irrelevant and inadmissible and does not fall within one of the Kirkpatrick exceptions where there has been no showing of an intimate relation or connection between the prior conduct and an element of the crime charged.

Wilson, 16 Va. App. at 221-22, 429 S.E.2d at 234-35 (other citation omitted).

If the Commonwealth was allowed to prove, as an exception to the general rule prohibiting other crimes evidence, that the defendant knew the nature and character of the substance he is charged with possessing because he possessed the same substance on a prior occasion, the exception would swallow the rule in drug cases.  Thus, in order to admit evidence of appellant's possession of crack cocaine in July 2004 under the guilty knowledge exception,

the Commonwealth must show an "intimate relation or connection between the prior conduct and an element of the crime charged." Id.

No such relation or connection was established in this case. While appellant may have been fully knowledgeable of the nature and character of crack cocaine in July 2004, it does not follow that she knew of crack cocaine on the earlier date of the distribution offense. See Eccles, 214 Va. at 22, 197 S.E.2d at 333 (holding that, in a prosecution for distribution of marijuana, evidence of appellant's possession of marijuana at a different time and place was not admissible to show appellant's knowledge of marijuana); see also Cooper v. Commonwealth, 31 Va. App. 643, 648-49, 525 S.E.2d 72, 74-75 (2000) (*en banc*) (holding that evidence that defendant had sold imitation crack cocaine two months before the charged offense was "a separate act without logical or natural connection with [defendant's] present charge of possession of imitation cocaine with the intent to distribute" and, thus, inadmissible); Brown v. Commonwealth, 18 Va. App. 150, 152, 442 S.E.2d 421, 423 (1994) (holding that a prior act of drug distribution could not be admitted to show defendant's state of mind or intent to distribute drugs twenty minutes later).

The prejudice to the appellant in this case is great. The jury, in determining appellant's guilt for distributing crack cocaine, was advised that appellant was arrested for possession of crack cocaine at a later date.

Because appellant's possession of crack cocaine "lacked a logical relationship to the offense charged," it was "irrelevant and showed only the defendant's propensity to commit the crime charged." Guill v. Commonwealth, 255 Va. 134, 141-42, 495 S.E.2d 489, 493 (1998) ("Since this evidence was inadmissible and had no probative value, we hold that its admission caused undue prejudice to the defendant."). Thus, I would hold that even if the July 2004 possession has any marginal probative value it is substantially outweighed by the prejudice to appellant. Accordingly, I would find that the evidence of appellant's possession of crack cocaine

- 13 -

in July 2004 was not admissible during the Commonwealth's case-in-chief under the guilty-knowledge exception.

<u>Admissibility to Impeach Appellant's Credibility</u>[7]

The Commonwealth argues that it was entitled to introduce evidence of appellant's possession of crack cocaine in July 2004 in order to impeach appellant's testimony that she did not have any knowledge of crack cocaine. I disagree.

Because appellant's denial that she had any knowledge of crack cocaine was elicited on cross-examination, the Commonwealth was "subject to the rule prohibiting impeachment on collateral matters elicited during cross-examination." <u>Simpson v. Commonwealth</u>, 13 Va. App. 604, 607, 414 S.E.2d 407, 409 (1992). "'The test as to whether a matter is material or collateral, in the matter of impeachment of a witness, is whether or not the cross-examining party would be entitled to prove it in support of his case.'" <u>Williams v. Commonwealth</u>, 16 Va. App. 928, 935, 434 S.E.2d 343, 347 (1993) (quoting <u>Allen v. Commonwealth</u>, 122 Va. 834, 842, 94 S.E. 783, 786 (1918)); <u>see also Maynard v. Commonwealth</u>, 11 Va. App. 437, 445, 399 S.E.2d 635, 640 (1990) (*en banc*) (holding that where a party could not present evidence on certain issues in

---

[7] The Commonwealth also contends that, because appellant denied any knowledge of crack cocaine during cross-examination, the Commonwealth was entitled to introduce appellant's possession of crack cocaine in July. Essentially, the Commonwealth urges that appellant "opened the door" to rebuttal evidence regarding this separate offense.

It is well settled that, where a criminal defendant offers evidence on *direct examination* that is calculated to mislead the jury, "the defendant open[s] the door to cross-examination for the purpose of attacking his credibility." <u>Santmier v. Commonwealth</u>, 217 Va. 318, 319-20, 228 S.E.2d 681, 682 (1976). However, the Commonwealth cannot open the door for itself to present otherwise inadmissible evidence through its cross-examination of a defendant. <u>See Camm v. State</u>, 812 N.E.2d 1127, 1135 (Ind. Ct. App. 2004) ("Statements made by a defendant that are elicited by the State on cross-examination cannot be relied upon to 'open the door' to otherwise inadmissible evidence."), <u>transfer denied</u>, 822 N.E.2d 980 (Ind. 2004); <u>see also Crenshaw v. State</u>, 125 S.W.3d 651, 656 (Tex. App. 2003) (holding that the prosecutor cannot open the door to a collateral matter through her own cross-examination).

Thus, I would hold that appellant could not open the door to evidence of her possession of crack cocaine in July 2004 by denying knowledge of crack cocaine during her cross-examination by the Commonwealth.

support of his case-in-chief, this evidence was collateral and not a proper matter for cross-examination).[8]

In Simpson, the defendant was charged with possession of heroin and cocaine with the intent to distribute. Simpson, 13 Va. App. at 605, 414 S.E.2d at 408. At trial, Simpson testified that the police had planted the drugs on him when they arrested him. Id. at 606, 414 S.E.2d at 408. On cross-examination, the Commonwealth asked Simpson if he sold cocaine, and Simpson replied that he did not. Id. at 606, 414 S.E.2d at 409. The Commonwealth was then permitted to offer a police officer's testimony that he had purchased drugs from Simpson four months after his arrest. Id.

As in the instant case, in Simpson the Commonwealth argued that the other crimes evidence was admissible under Santmier. We distinguished between a denial made by the defendant during direct examination and one made by the defendant during cross-examination:

> In Santmier, the prosecution was permitted to cross-examine the defendant concerning a prior conviction of selling marijuana because the defendant on direct examination had denied using drugs. Santmier, 217 Va. at 319-20, 228 S.E.2d at 682. In this case, the defendant did not deny the use of drugs during his direct examination. Instead, the Commonwealth elicited during cross-examination his denial of having sold drugs. This difference

---

[8] The Commonwealth relies on Satcher v. Commonwealth, 244 Va. 220, 421 S.E.2d 821 (1992), for the proposition that a criminal defendant who testifies on his own behalf opens the door for any questions on cross-examination that are relevant to the issue of guilt or innocence. This assertion is correct; however the Commonwealth's reliance on Satcher in this case is misplaced.

Satcher does not deal with collateral evidence of prior bad acts brought out during cross-examination. In Satcher, the defendant was questioned on cross-examination about his familiarity with the crime scene and about whether he knew before he was arrested that he was a suspect in the crimes for which he was on trial. Id. at 251, 421 S.E.2d at 840. On appeal, the defendant argued that it was error for the trial court to allow these questions because they exceeded the scope of his direct examination and were raised for the first time during cross-examination. Id. at 251-52, 421 S.E.2d at 840. The Satcher Court never considered the rules regarding collateral evidence and prior bad acts, as the questions went directly to the issue of the defendant's guilt or innocence on the charges for which he was on trial. Id. at 252, 421 S.E.2d at 840. By its very definition, collateral evidence is not relevant to appellant's guilt or innocence and thus is not a proper matter for cross-examination.

> is significant because on cross-examination the Commonwealth is subject to the rule prohibiting impeachment on collateral matters elicited during cross-examination.  Seilheimer [v. Melville], 224 Va. [323,] 326, 295 S.E.2d [896,] 898 [(1982)].

Simpson, 13 Va. App. at 607, 414 S.E.2d at 409.  See Waller v. Commonwealth, 22 Va. App. 53, 57, 467 S.E.2d 844, 847 (1996) (holding that "if the subject matter is raised for the first time on cross-examination and is collateral to the issues on trial, it cannot be the basis for impeachment by proof of a prior inconsistent statement"); see also 1-4 The Law of Evidence in Virginia § 4-5 ("Evidence of prior conduct inconsistent with present testimony is admissible to impeach under the same rules applicable to the use of prior inconsistent statements.").

Thus, "[a] witness may not be cross-examined regarding any fact irrelevant to the issues on trial when that cross-examination is for the mere purpose of impeaching his credit by contradicting him."  Simpson, 13 Va. App. at 606, 414 S.E.2d at 409; see also Maynard, 11 Va. App. at 444, 399 S.E.2d at 639 ("A witness cannot be impeached by evidence of a collateral fact which is not relevant to the issues of the trial, even though to some extent it has a bearing on the issue of credibility.").

As discussed above, evidence of appellant's possession of crack cocaine in July 2004 was not admissible to prove the Commonwealth's case-in-chief.  As such, "the Commonwealth, having elicited this collateral evidence from [appellant] during cross-examination, was required to accept [appellant's] response and could not impeach [her] testimony by contradicting it." Simpson, 13 Va. App. at 608, 414 S.E.2d at 410; see also Blaylock v. Commonwealth, 26 Va. App. 579, 593-94, 496 S.E.2d 97, 104 (1998) ("If the witness answers a question on a collateral issue, the answer is conclusive and may not be contradicted with further evidence . . . [b]ecause we hold that the Commonwealth could not introduce the child pornography evidence in its case-in-chief, the videotape is impeachment evidence on a collateral matter and should not have been shown to the jury.").

Thus, I would hold that the July 13 offense was "collateral to the issues on trial" and it could not be used to impeach appellant's credibility.

Jury Instruction

The trial court gave the jury a limiting instruction regarding the purpose for which the evidence of appellant's later possession of crack cocaine could be considered.[9]  The limitation was for the jury to consider that as evidence "of the defendant's intent, opportunity or as evidence of the absence of mistake or accident . . . ."  However, this instruction did not ameliorate the prejudice caused by the evidence of the July 13, 2004 incident.

The issue before the jury was not appellant's intent, opportunity, mistake or accident.  It was simply a credibility issue.  Thus, the limiting instruction did not address the prejudice of the introduction of the later offense, i.e., the propensity of the appellant to commit drug-related offenses.[10]

> The jury was exposed to inadmissible evidence, unworthy of consideration in any issue at trial.  The instruction limiting the utility of such evidence expressly approved improper consideration by the jury, albeit for a restricted purpose.  A jury cannot be presumed at once to follow a direction to consider improper evidence and remain unaffected by its content.

Boney v. Commonwealth, 29 Va. App. 795, 802, 514 S.E.2d 810, 813 (1999).  Thus, I would hold that the instruction could not cure the trial court's error in admitting the evidence of appellant's possession of crack cocaine in July 2004.

---

[9] We presume the jury followed those instructions absent evidence to the contrary. LeVasseur v. Commonwealth, 225 Va. 564, 589, 304 S.E.2d 644, 657 (1983).

[10] While appellant did not object to the limiting instruction, it is of no importance.  We are not determining whether the trial court erred in granting the instruction but only the prejudicial effect of the July 13 offense.

## CONCLUSION

I would find that the evidence of appellant's possession of crack cocaine in July 2004 was not probative of appellant's knowledge of cocaine at the time of the distribution offense in March 2004. As the possession charge was a fact collateral to the issues at trial, it could not be used to impeach appellant's credibility. The prejudice resulting from the admission of the later possession evidence was overwhelming, and the trial court's instruction to the jury limiting their consideration of the evidence could not ameliorate the prejudice. I would reverse appellant's conviction and remand for a new trial if the Commonwealth be so advised.