COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Clements and Senior Judge Fitzpatrick
Argued at Richmond, Virginia


MELISSA ANN COOK

                                                MEMORANDUM OPINION* BY
v.        Record No. 0524-06-4               JUDGE JOHANNA FITZPATRICK
                                                     APRIL 17, 2007
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                               H. Harrison Braxton, Jr., Judge

          Joseph E. Hicks (Jarrell, Hicks & Sasser, P.C., on brief), for
          appellant.

          Eugene Murphy, Senior Assistant Attorney General (Robert F.
          McDonnell, Attorney General, on brief), for appellee.


        Melissa Ann Cook appeals her convictions for object sexual penetration, indecent liberties,

aggravated sexual battery, and distribution of a controlled substance to a juvenile.  On appeal, she

contends the trial court erred by excluding evidence of the victim's bad character.  Finding no error

we affirm.

                                            Facts

        Under settled principles, we review the evidence in the light most favorable to the

Commonwealth.  Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003).

Thus, we must "'discard the evidence of the accused in conflict with that of the Commonwealth,

and regard as true all the credible evidence favorable to the Commonwealth and all fair

inferences to be drawn therefrom.'"  Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755,

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

759 (1980) (quoting Wright v. Commonwealth, 196 Va. 132, 137, 82 S.E.2d 603, 606 (1954)) (emphasis omitted).

So viewed, the evidence presented by the victim, her sister, the investigating police officer and a neighbor established the following: (1) Cook participated in the planning and was involved in the sexual abuse of her twelve-year-old daughter by her boyfriend, Rodney Nichols; and (2) she provided the victim with alcohol and encouraged her to take a pill provided by Nichols.[1]

Cook attempted to question witnesses about incidents she argued would show that the victim "was having discipline issues, both in her various homes and at school" as a method to prove the victim was biased or had a motive to fabricate the incident. The trial court excluded this evidence as collateral. Cook appeals her convictions.

Analysis

"'[T]he admissibility of evidence is within the broad discretion of the trial court, and its ruling thereon will not be disturbed on appeal in the absence of an abuse of discretion.'" McGowan v. Commonwealth, 48 Va. App. 333, 339, 630 S.E.2d 758, 761 (quoting Aver v. Commonwealth, 46 Va. App. 637, 643, 621 S.E.2d 140, 142 (2005)), aff'd on reh'g en banc, 49 Va. App 87, 637 S.E.2d 330 (2006).

"Evidence of specific acts of misconduct is generally not admissible in Virginia to impeach a witness' credibility. However, where the evidence . . . is relevant to show that a witness is biased or has a motive to fabricate, it is not collateral and should be admitted." Banks v. Commonwealth, 16 Va. App. 959, 963, 434 S.E.2d 681, 683 (1993) (citations omitted).

---

[1] A chemical test of the victim's urine found a breakdown of the drug methlyenedioxymethamphetamine, commonly known as "ecstasy."

Cook contends the trial court erred by denying her the opportunity to question witnesses about the circumstances that would show the victim had a motive to fabricate the charges or was biased. She contends that the proffered evidence would have shown that the victim exhibited discipline issues at home and school, ran away from home, had recently learned that Cook had been sexually assaulted as a child, was unhappy with her current living arrangements, and felt a competition with Nichols for Cook's affections. Cook asserts that these circumstances raised questions concerning the veracity of the victim's account of the events. We disagree.

Initially, we note that, despite the trial court's exclusion of the requested evidence, much of the evidence reached the jury concerning the matters Cook addresses. For example, the victim's grandmother testified that she had trouble "controlling" the victim's behavior one summer. At other times, Cook failed to proffer any evidence she wanted admitted and merely argued that her questions were relevant to the victim's motive to fabricate.

Nevertheless, the evidence proffered by Cook, if believed, would not provide a basis for the fact finder to reasonably infer the victim had a motive to falsely implicate Cook. Nor did the evidence show the victim had a propensity to make false claims.[2] See Clinebell v. Commonwealth, 235 Va. 319, 325, 368 S.E.2d 263, 266 (1988) (trial court erred in excluding victim's false claims that she was pregnant and claims of sexual assault by others because jury could have inferred her claims of sexual misconduct against accused were also false).

Cook's proffered evidence did not address instances where the victim lied or used deceit relevant to the parties or issues in this case. Rather, Cook's evidence involved matters unrelated to the instant offenses. The evidence that the victim had a fight at school, ran away from home,

---

[2] At best the proffered testimony of Erin Mayer, the victim's school counselor, showed that the victim had been suspended from school for fighting and there had been no other disciplinary problems.

or knew that Cook had been sexually assaulted was collateral to the issue of whether Cook participated in the crimes. "A subject is collateral to the issues on trial unless the party cross-examining the witness is entitled to prove the subject in support of his or her own case." Simpson v. Commonwealth, 13 Va. App. 604, 607, 414 S.E.2d 407, 409 (1992) (citing Seilheimer v. Melville, 224 Va. 323, 327, 295 S.E.2d 896, 898 (1982)). See Clark v. Commonwealth, 202 Va. 787, 789-90, 120 S.E.2d 270, 272 (1961) (trial court correctly excluded evidence about irrelevant, independent bad acts with no nexus to witness' bias).

Moreover, no evidence indicated the victim had hostility toward Cook, Nichols, or their relationship, thereby providing a motive to fabricate the charges. The victim testified she thought Nichols was "nice and [she] began growing used to him until that night." She acknowledged that Nichols helped the family. She also stated she "didn't mind" that Cook had to work long hours because "she needed the money." In addition, nothing in Cook's testimony provided a reason to believe the victim had a motive to fabricate the charges. Therefore, the proffered evidence was irrelevant and immaterial. It did not tend to disprove that Cook committed the offenses -- the matter at issue -- or address whether the victim had a motive to fabricate the charges -- the proposition for which it was offered. See Johnson v. Commonwealth, 2 Va. App. 598, 601, 347 S.E.2d 163, 165 (1986) (evidence ordinarily is admissible if it "is both material -- tending to prove a matter that is properly at issue in the case -- and relevant -- tending to establish the proposition for which it is offered"). Therefore, the trial court did not err by excluding the evidence.

For these reasons, we affirm Cook's convictions.

Affirmed.